Donald M. POSEGATE, and Ida J. Posegate, Husband and Wife, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16973.

United States Court of Appeals Ninth Circuit.

March 27, 1961.

Udall & Udall and Paul G. Rees, Jr., Tucson, Ariz., for appellants.

George Cochran Doub, Asst. Atty. Gen., Morton Hollander and Leavenworth Colby, Attys., Dept. of Justice, Washington, D. C., Jack D. H. Hays, U. S. Atty., Phoenix, Ariz., and Mary Anne Reimann, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before POPE, HAMLEY and HAMLIN, Circuit Judges.

HAMLIN, Circuit Judge.

Donald M. Posegate and Ida J. Posegate, his wife, brought an action in the United States District Court for the District of Arizona against the United States under the provisions of the Federal Tort Claims Act.[1] The complaint alleged that on February 26, 1958, as a result of the negligence of the United States Donald M. Posegate was struck by a nine-ton gun or field piece, crushed and pinned to the ground beneath said gun. He received "a fractured pelvis, a ruptured bladder and urethra, the severance of certain nerves in the lower intestinal tract and other serious and permanent bodily injuries, which injuries have rendered him permanently impotent."

Donald Posegate in Count One of the complaint sought damages in the sum of $125,000 for his alleged impotence, and his wife Ida sought damages in Count Two in the sum of $25,000 for loss of "the comfort, society and consortium of her husband." Subsequent to the filing of the complaint the United States made a request for admissions, and from the reply made by appellants it appears that on February 26, 1958, at the time of the injury, Donald Posegate was an employee of the United States; that the injury occurred upon a government reservation in Arizona during the regular working hours of said Donald M. Posegate; that on March 3, 1958, he applied for compensation under the provisions of the Federal Employees' Compensation Act; that on April 7, 1958, he was advised that an award under the provisions of the Act had been made to him on account of the injury; and that thereafter he collected the amount of the checks mailed to him pursuant to the award. In his reply to the request for admissions, Posegate denied that he had applied for compensation intending to waive any rights under any other federal laws, and denied any knowledge that any acts performed by the appellants constituted an election of remedy. He admitted that an award had been made under the provisions of the Federal Employees' Compensation Act on account of some of the injuries received in the accident of February 26, 1958, but denied that an award had been made to him on account of the injury set forth in the complaint (permanent impotence) and alleged in this respect that he had been informed "there is no provision in the law to cover the condition" with which he is now permanently afflicted.

After this reply to the request for admissions had been made by appellants, the United States moved to dismiss the complaint for failure to state a cause of action within the jurisdiction of the district court. The district court granted the motion and dismissed the action. This appeal followed. This court has jurisdiction of the appeal by reason of 28 U.S.C.A. § 1291.

1. 28 U.S.C.A. § 1346(b).

The United States contends that the action of the district court in dismissing appellants' complaint was proper because any liability of the United States to either of the appellants was exclusively under the provisions of the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq. Sections 751(a) and 757(b) thereof provide in part as follows:

"§ 751. (a) The United States shall pay compensation as hereinafter specified for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty, * * *

* * * * * *

"§ 757. (b) The *liability* of the United States * * * *with respect to the injury or death* of an employee *shall be exclusive, and in place, of all other liability of the United States * * * to the employee,* his legal representative, *spouse,* dependents, next of kin, and anyone otherwise entitled to recover damages from the United States or such instrumentality, on account of such injury or death, in any direct judicial proceedings in a civil action * * * *or under any Federal tort liability statute:* * * * [Emphasis added.]"

Appellants' contention is that though Donald has received hospitalization, surgery and medical treatment from the date of the injury and though an award has been made to him, this award is only for some of the injuries which he has received. He claims that his present condition of permanent impotence is a non-disabling injury, that he has received no compensation for this injury, and that he has been advised by the Bureau of Employees' Compensation of the United States Department of Labor that "[c]ompensation under the Federal Employees' Compensation Act is based on loss of wage earning capacity. There is no provision in the law to cover the condition you mentioned." He therefore contends that he has the right to sue the United States under the Federal Tort Claims Act for the negligence of its agents which proximately caused the serious but non-disabling injuries complained of. We do not agree.

Similar claims have arisen under state workmen's compensation and similar statutes, and recovery in these cases has been denied. Hyett v. Northwestern Hospital, 1920, 147 Minn. 413, 180 N.W. 552 (sexual powers reduced); Farnum v. Garner Print Works, 1920, 229 N.Y. 554, 129 N.E. 912 (unable to beget children); Freese v. John Morrell & Co., 1931, 58 S.D. 634, 237 N.W. 886 (loss of testicle—pain and suffering).

In Smither & Co., Inc. v. Coles, 1957, 100 U.S.App.D.C. 68, 242 F.2d 220, which was an action by a wife for loss of consortium after her husband had received the maximum benefits under the District of Columbia Workmen's Compensation Act, the court said:

"The history of the development of statutes, such as this, creating a compensable right independent of the employer's negligence and notwithstanding an employee's contributory negligence, recalls that the keystone was the exclusiveness of the remedy. This concept emerged from a balancing of the sacrifices and gains of both employees and employers, in which the former relinquished whatever rights they had at common law in exchange for a sure recovery under the compensation statutes, while the employers on their part, in accepting a definite and exclusive liability, assumed an added cost of operation which in time could be actuarially measured and accurately predicted; incident to this both parties realized a saving in the form of reduced hazards and costs of litigation. As stated by Mr. Justice Brandeis in Bradford Electric Co. v. Clapper, 1932, 286 U.S. 145, 159, 52 S.Ct. 571, 576, 76 L.Ed. 1026, the purpose of these laws was to provide 'not only for employees a remedy which is both expeditious and independent of proof of fault, but also for employers a

liability which is limited and determinative.' " [Footnote omitted.] [2]

The language of §§ 751(a) and 757(b) of the Federal Employees' Compensation Act as quoted above is plain and unambiguous. Under the statute the employee, regardless of any negligence, is to receive in case of injury certain definite amounts, which recovery "shall be exclusive, and in place, of all other liability of the United States." His recovery is not dependent upon the injury being caused by the negligence of any employees of the United States nor is it reduced or taken from him if the injury is the result of his own negligence. That the remedy provided by the Federal Employees' Compensation Act is to be exclusive is shown by the legislative history of Congress at the time that the statute was amended in 1949. The House Committee Report [3] contains the following:

"It is the committee's purpose to have the language of such Section 7 entirely clear in this respect so as to express the intention that the compensation remedy shall henceforth be the exclusive remedy of a person protected by this act against the United States, or against its instrumentalities in cases in which a suable instrumentality is the employer."

Similarly, the Senate Report [4] states:

"The purpose of the latter is to make it clear that the right to compensation benefits under the act is exclusive and in place of any and all other legal liability of the United States or its instrumentalities of the kind which can be enforced by original proceeding whether administrative or judicial, in a civil action or in admiralty or by any proceeding under any other workmen's compensation law or under any Federal tort liability statute."

It thus appears that neither the plain language of the statute, its legislative history, nor the prior construction of similar statutes permits a recovery by appellant. Donald Posegate was a "person protected by the act." He received medical treatment and substantial payments under the Federal Employees' Compensation Act as a result of the accident in question. We hold that he cannot recover under the Federal Tort Claims Act for his claimed non-disabling injury.

Neither is there any merit to the claim of his wife under Count Two of the complaint for damages for the loss of consortium. Smither & Co., Inc. v. Coles, supra; Jeune v. Del E. Webb Const. Co., 1954, 77 Ariz. 226, 269 P.2d 723.

The judgment of the district court is affirmed.

2. 242 F.2d at page 222.

3. H.R.Rep. No. 729, 81st Cong., 1st Sess. 14, 15 (1949).

4. S.Rep. No. 836, 81st Cong., 1st Sess. 23, 30 (1949), U.S.Code Cong.Service 1949, p. 2135.