Berhakd S. Mever, J.
Motion for leave to amend the answer to plead the defense that, plaintiff and defendant being civilian employees of the United States and the accident having occurred within the premises of Mitchell Air Force Base, the action is barred by the Federal Employees’ Compensation Act of September 7, 1916. Motion denied. In a case governed by New York’s Workmen’s Compensation Law such a defense would he sufficient. (Rauch v. Jones, 4 N Y 2d 592 ; Naso v. Lafata, 4 N Y 2d 585.) That result follows from the specific provision of subdivision 6 of section 29 of the Workmen’s Compensation Law making compensation the exclusive remedy when the employee is injured by the negligence “ of another in the same employ.” Prior to the insertion of that language in the New York law, the owner of a vehicle was liable even though he was a fellow employee. Judson v. Fielding (227 App. Div. 430, 434, affd. 253 N. Y. 596), therefore, denied a motion to amend the answer to set up a defense of exclusivity “ on the sole ground that the new matter did not constitute a defense.”
*633 Until 1949 the Federal Employees’ Compensation Act contained no exclusivity provision (Johansen v. United States, 343 U. S. 427). In that year subdivision (b) was added to section 7 of the act (U. S. Code, tit. 5, § 757, subd. [b]), but that subdivision relates only to the liability of the United States or any of its instrumentalities. There being no provision in the Federal Employees’ Compensation Act similar to subdivision 6 of section 29 of the New York Workmen’s Compensation Law, and the general language of section 7 of the Federal act being insufficient to exclude an action against a fellow employee (Larson, Law of Workmen’s Compensation, §§ 72.10, 72.20), the proposed defense is insufficient and the motion must be denied.