**Peter Anthony NOGA, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

No. 45558.

United States District Court
N. D. California.

July 7, 1967.

James D. Mart, of Hoberg, Finger, Brown & Abramson, San Francisco, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., Robert N. Ensign, Asst. U. S. Atty., San Francisco, Cal., appearing, for the United States.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

WOLLENBERG, District Judge.

Defendant United States has moved for summary judgment in the above entitled case.

Plaintiff has brought this suit against the United States under the Federal Tort Claims Act for injuries he suffered in an automobile accident.

The following facts are not disputed. Plaintiff at the time of his injury was an employee of the United States government. On August 24, 1964, he was seriously injured while riding in a car driven by a fellow employee of the United States government while both of them were in the course and scope of their employment. Following the accident it was determined that plaintiff was entitled to compensa-

tion under the Federal Employees' Compensation Act, and he has received payments under this Act.

Plaintiff has alleged that the driver of the car in which he was riding was negligent,[1] and argues that he has a remedy for damages against the United States under the so-called Federal Drivers Act, 28 U.S.C. § 2679(b-e), and the Federal Tort Claims Act. The Federal Drivers Act, passed by Congress in 1961, requires that when suit is brought against an employee of the United States for an injury resulting from the operation of a motor vehicle by that employee while acting within the scope of his employment, that the suit be removed to United States District Court and the United States be substituted as a defendant, and that the plaintiff's exclusive remedy is then against the United States under the Tort Claims Act.

The United States argues in support of its motion for summary judgment that because plaintiff was an employee of the United States acting in the scope of his employment at the time he was injured, his exclusive remedy against the United States is under the Federal Employees' Compensation Act, which provides in part:

> "The liability of the United States or an instrumentality thereof under [the Federal Employees' Compensation Act] * * * with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee * * *." 5 U.S.C. § 8116(c) [formerly § 757(b)].

Plaintiff on the other hand argues that the above quoted clause, in spite of its all inclusive nature, does not apply to his own situation. He argues as follows: Before 1961, when Congress passed the Federal Drivers Act, a United States employee could bring an action in tort against another United States employee in his individual capacity even though both persons were acting within the course and scope of their employment for the United States. Allman v. Hanley, 302 F.2d 559 (5th Cir. 1962); and Marion v. United States, 214 F.Supp. 320 (D.C. Md.1963). After the passage of the Act an employee plaintiff should still have a cause of action since the intent of Congress was only to protect the driver by making the United States a nominal defendant.[2] To preclude plaintiff from a remedy after the passage of the Federal Drivers Act would be to impute to Congressional action an intent, admittedly absent, to cut off completely the remedy he previously had because he is fortuitously injured in a motor vehicle accident.

The Court does not agree with plaintiff's argument. What Congress would or would not have done if it had considered a particular problem is a profitless line of inquiry when general statutes can be found which set forth the law clearly. Section 2679(b) of 28 U.S.C. provides that the exclusive remedy of a person injured by the government employee driver of a motor vehicle is against the United States. This statute eliminates plaintiff's remedy against the driver, individually, which he had before 1961. Section 8116(c) [formerly § 757(b)] of 5 U.S.C. provides that the exclusive remedy against the United States for an employee for injuries sustained in the course of his employment is under the Federal Employees' Compensation Act. This statute precludes an employee from suing the United States under the Federal Tort Claims Act for injuries sustained while in the scope of his employment. Together these two statutes provide that plaintiff in the instant case has no cause of action against the United States other

---

1. The exact status of plaintiff, i. e., whether guest or passenger, the applicability of the California "guest statute", and the degree of the driver's negligence are all disputed issues which do not affect the merits of the present motion for summary judgment.

2. Both parties agree that the only purpose Congress had in mind in passing the Federal Drivers Act, 28 U.S.C. § 2679(b-e), was to protect the driver himself.

than under the Federal Employees' Compensation Act.

Accordingly, it is ordered that defendant's motion for summary judgment be and hereby is granted, and it is further ordered that judgment be entered in favor of defendant and against the plaintiff.