**Sammy J. VANTREASE, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 18222.**

United States Court of Appeals Sixth Circuit.

Sept. 4, 1968.

J. Walter Brock, Grand Rapids, Mich., for appellant, Marcus, McCroskey, Libner, Reamon, Williams & Dillwy, by William G. Reamon, Grand Rapids, Mich., on brief.

William Kanter, Dept. of Justice, Washington, D. C., for appellee, Edwin L. Weisl, Jr., Asst. Atty. Gen., Morton Hollander, Atty., Dept. of Justice, Washington, D. C., Harold D. Beaton, U. S. Atty., Grand Rapids, Mich., on brief.

Before CELEBREZZE and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

JOHN W. PECK, Circuit Judge.

Plaintiff was injured while within the scope of his employment as a mail carrier for the United States Post Office when struck by a car driven by another Post Office employee, Cameron, who was also within the scope of his employment. Plaintiff received benefits under the Federal Employees' Compensation Act (5 U.S.C. § 751 et seq.) (now recodified, 5 U.S.C. (Supp. II) § 8101 et seq.) and then brought a common law negligence action against Cameron in the state courts of Michigan. Upon certification by the United States Attorney that Cameron was acting within the scope of his employment at the time of the incident, the cause was removed to the United States District Court for the Western District of Michigan under the Federal Drivers Act (28 U.S.C. § 2679(d)), and the United States was substituted as the party defendant. From the District Court's order dismissing the action on the government's motion for summary judgment, and denying plaintiff's motion to remand the cause to the state courts for his negligence claim against Cameron, plaintiff appeals.

The Federal Drivers Act (28 U.S.C. § 2679(b)–(e)[1]) was enacted in 1961 to protect or immunize government drivers from personal liability on claims arising from vehicular accidents occurring during the course of their employment, and to accordingly relieve such employees of the burden of acquiring private automobile liability insurance for driving while on the job. See H.R.Rep. No. 297, 87th Cong., 1st Sess.; S.Rep. No. 736, 87th Cong., 1st Sess.; 107 Cong. Rec. 18,499–500, 87th Cong., 1st Sess., U.S.Code Cong. & Admin.News 1961, p. 2784. See Generally Annot. 16 A.L.R.3d 1394, 1402 (1967). The purpose of the Act is accomplished by making "[t]he remedy by suit against the United States as provided by section 1346(b) [Federal Tort Claims Act] of this title for damage * * * or * * * personal injury, including death, resulting from the

---

1. Subsection (b):
The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.
* * *
Subsection (d):
Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States District court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.

operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment * * *, exclusive of any other civil action or proceeding by reason of the same subject matter against the employee * * *." 28 U.S.C. § 2679(b). This section is implemented by subsection (d) which makes provision for removal to an appropriate district court of state court suits against a federal driver upon certification by a United States Attorney that the driver was within the scope of his employment at the time of the incident out of which the suit arose, the cause thereafter being "deemed a tort action brought against the United States" under the Federal Tort Claims Act. However, when a claimant such as plaintiff here is a federal employee who is entitled to benefits under the Federal Employees' Compensation Act, he cannot recover against the United States under the Tort Claims Act since the compensation act provides that "the liability of the United States or any of its instrumentalities under sections 751–756, 757–781, 783–791 and 793 of this title or any extension thereof with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States or such instrumentality to the employee * * *." 5 U.S.C. § 757(b) (now recodified, 5 U.S.C. (Supp. II) § 8116(c)). The District Court in the instant case sustained the government's position that the above statutory provisions not only precluded plaintiff's claim for damages against the United States, but also precluded his common law action against the alleged tortfeasor individually. This determination is in accord with Noga v. United States, 272 F.Supp. 51 (N.D.Calif.1967); Beechwood v. United States, 264 F.Supp. 926 (D.C.Mont.1967); and Van Houten v. Ralls, 290 F.Supp. 67 (D.C.Nev., No. 1911–N, 1967).

■ Plaintiff does not assert a right of action against the United States. In this respect it is clear that a federal employee's exclusive remedy against the United States for injuries sustained while within the scope of employment is under the Federal Employees' Compensation Act. Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952); Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959); Balancio v. United States, 267 F.2d 135 (2d Cir.), cert. denied, 361 U.S. 875, 80 S.Ct. 139, 4 L.Ed.2d 114 (1959). However, even though plaintiff was injured while within the scope of his employment and collected benefits under the federal compensation act, he contends that he is entitled to pursue his common law action against the alleged tortfeasor, and that the District Court erred in denying his motion to remand the cause.

■ It is initially argued that since the District Court found that plaintiff had no "remedy by suit" against the United States, the cause should have been remanded to the state courts pursuant to the provision of section 2679(d) of the Federal Drivers Act which provides:

"Should a United States District Court determine on a hearing on a Motion to Remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) is not available against the United States, the case shall be remanded to the State court."

We believe this argument was properly rejected, for when this provision is read in light of the overall statutory scheme provided by the three federal acts mentioned above, it seems clear, as the government contends, that the remand provision is applicable only when the government driver is found to have been acting outside the scope of his employment at the time of the incident. See 107 Cong. Rec., supra, at 18500. In any event, we are not persuaded that the provision in question, standing alone, supports plaintiff's contentions.[2]

2. A remedy by suit against the United States might not be available for any

number of reasons, including the running of the statute of limitations under the

Plaintiff's principal contention is that the denial of his common law action against the alleged tortfeasor thwarts the legislative intent behind the Federal Employees' Compensation Act. In this respect, plaintiff cites four cases in support of the proposition that a federal employee who has sustained injuries as a result of an automobile accident may receive compensation benefits under the federal act and still bring suit against the federal employee who allegedly caused the injury. One case, with which we disagree, does support this assertion, Gilliam v. United States, 264 F.Supp. 7 (E.D.Ky.1967); two cases are factually distinguishable from the present situation, Allman v. Hanley, 302 F.2d 559 (5th Cir. 1962) and Seligman v. Gerlach, 28 Misc.2d 632, 215 N.Y.S.2d 634 (1961); and the court in the fourth did not mention the Drivers Act, presumably because suit was commenced prior to its effective date, Marion v. United States, 214 F. Supp. 320 (D.C.Md.1963) (See Section 2 of the Drivers Act, 75 Stat. 539.).

The purported congressional intent to permit state actions against an alleged tortfeasor where plaintiff has received compensation benefits from the federal government is allegedly evidenced by the fact that Congress has never prohibited such suits. In contrast to the conjectured legislative intent which might be presumed from congressional silence, is the declared policy reflected by the Drivers Act and its legislative history to insulate federal drivers from personal liability for accidents occurring while they are within the course of employment. To ignore the clear and unambiguous language of this Act, as plaintiff would have us do, would create the unwarranted exception that government drivers are not exonerated from personal liability if the

injured party is another federal employee. See Van Houten v. Ralls, supra.

The case of Jackson v. Lykes Bros. Steamship Co., 386 U.S. 731, 87 S.Ct. 1419, 18 L.Ed.2d 488 (1967), relied on by plaintiff, is inapposite. The Court in *Jackson* was reviewing a provision of the Longshoremen's and Harbor Workers' Act which made the liability of an "employer" as prescribed in that act "exclusive and in place of all other liability of such employer * * *." The Court held that this language did not bar a longshoreman's suit for unseaworthiness against the owner of a ship, even where the owner was also an employer. The Court thus held in effect that a party who falls within the class of persons enjoying limited liability under a congressional act may nevertheless be subject to suit in a different capacity and as a member of a class of persons not so protected. No such situation is present in the instant case, however, and plaintiff seeks recovery from one whom Congress has specifically exonerated from liability.

Finally, we cannot agree that a single remedy against the United States—here the receipt of compensation benefits—is manifestly inequitable as to plaintiff. Congress has in a somewhat similar situation provided that a judgment against the United States under the Federal Tort Claims Act constitutes a complete bar to any action arising out of the same subject matter against a tortfeasor employee. 28 U.S.C. § 2676.

Plaintiff's remaining contentions are clearly without merit. In light of the foregoing, it is here determined that the District Court's construction of the pertinent federal statutory provisions was correct, and the judgment dismissing the action and denying plaintiff's motion to remand the cause is affirmed.

Affirmed.

---

Federal Tort Claims Act. In such case, it could not be held that a government driver would, for that reason alone, be subject to personal liability in the state courts when he had prior to the expira-

tion of the statutory period been protected. See Reynaud v. United States, 259 F.Supp. 945 (W.D.Mo.1966); Hoch v. Carter, 242 F.Supp. 863 (S.D.N.Y.1965).