Margaret M. GILLIAM, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 18644.

United States Court of Appeals Sixth Circuit.

Feb. 10, 1969.

Stephen Felson, Department of Justice, Washington, D. C., Edwin L. Weisl, Jr., Asst. Atty. Gen., Morton Hollander, William Kanter, Attys., Department of Justice, Washington, D. C., George I. Cline, U. S. Atty., Lexington, Ky., on brief, for appellant.

Charles Lee Calk, Lexington, Ky., Gess, Mattingly, Saunier & Atchison, Lexington, Ky., on brief, for appellee.

Before PHILLIPS, PECK and COMBS, Circuit Judges.

ORDER.

Plaintiff brought this action in the Kentucky Circuit Court to recover damages suffered in an automobile accident. The named defendant was the executrix of the estate of the driver of the vehicle in which plaintiff was a passenger at the time of the accident. She and the driver were both Deputy United States Marshals and were engaged in the transportation of federal prisoners. Certifying that the driver was acting within the scope of his government employment, the United States Attorney caused the case to be removed to the District Court pursuant to the provisions of the Federal Drivers Act (28 U.S.C. § 2679(d)), and the United States was substituted as defendant.

The District Court thereafter overruled a motion of the government to dismiss the action on the ground that plaintiff could not maintain a suit against the United States under the Federal Tort Claims Act (28 U.S.C. § 1346) because she was eligible for and received compensation under the Federal Employees' Compensation Act (5 U.S.C. § 751 et seq.). The driver's negligence was stipulated, and judgment against the United States was entered under the Federal Tort Claims Act. We here review that judgment.

In Vantrease v. United States, 400 F. 2d 853 (6th Cir.1968), we referred to the decision in the present case (Gilliam v. United States, D.C., 264 F.Supp. 7) as one "with which we disagree." The briefs herein had been filed prior to the announcement of Vantrease, but in oral argument counsel for appellee attempted to distinguish it from the case here under review. However, a careful comparison of the two cases compels the conclusion that no meaningful distinction exists, and requires a reversal of the judgment herein on the authority of Vantrease for the reasons therein set forth. Accordingly,

It is ordered that the judgment of the District Court be and it is hereby re-

versed and that final judgment be and is hereby entered for the defendant.

COMBS, Circuit Judge (concurring). I concur but I do so reluctantly because I think we reach an inequitable result. Congress has very properly immunized from personal liability Government employee-drivers on claims arising from vehicular accidents. But someone needs to look at the other side of the coin. The Federal Drivers Act, 28 U.S. C. § 2679 (1961), while helpful to Government employee-drivers, works an injustice on other Government employees who have the misfortune to be injured through the negligence of Government drivers.

Prior to the passage of the Drivers Act, a Government employee injured by the negligence of a Government driver could sue him like anybody else. Now, since the Drivers Act requires that the Government be substituted as the defendant, anybody except a Government employee may sue the driver. This is because another federal statute, The Federal Employees Compensation Act, 5 U.S.C. § 8101 et seq., provides that recovery under that Act "is exclusive and instead of all other liability of the United States * * * to the employee." This statute was on the books when the Drivers Act was passed and the two must, of course, be read together.

So, the employee injured through the operation of a motor vehicle is caught on a treadmill between the two statutes. The Drivers Act requires that the Government be substituted as the defendant and the FECA prohibits the injured employee from suing the Government.

The Government is thereby placed in the position of playing cat and mouse with its injured employee. First, it says you may not sue your co-employee, you must sue the Government; then it says you may not sue the Government because your are covered by the FECA. Thus does the injured employee fall victim to the inequitable operation of the two statutes.

The present case points up the inequity of limiting a Government employee, injured as was this plaintiff, to a recovery under the FECA. Her recovery under FECA was $8,577.02, whereas the judgment in her favor against the negligent co-employee is $30,000, less the amount received under FECA. Moreover, it is interesting to note that, if this plaintiff had been injured through the negligence of her co-employee in any other manner except through the operation of a motor vehicle, she could have maintained her common law action for damages.

Judge Swinford expresses the belief in his opinion allowing recovery that Congress did not intend that its action to protect driver employees would penalize other Government employees. I find nothing in reports of the Congressional proceedings to indicate that Congress had any intent one way or another as regards the rights of non-driver employees. Congress obviously intended to relieve from personal liability Government drivers acting in the course of their employment. Beyond that my review of the history of this legislation throws little light on the question of Congressional intent. This being so, a court can look only to the language of the statutes. The language of the two statutes is very plain. Both the Drivers Act and the FECA clearly limit the rights of an aggrieved party to the remedies there provided. I agree, therefore, that this Court has no choice except to follow Vantrease v. United States, 400 F.2d 853 (6th Cir.1968), and reverse the judgment.