PAUL POLISHUK, Petitioner,

*v.*

RUDY C. BEAVIN, Respondent.

444 S.W.2d 140

(*Knoxville,* September Term, 1968.)

Opinion filed February 26, 1969.

288

Fred H. Cagle, Jr., Knoxville, Edwin L. Weisl, Jr., Assistant Attorney General, Washington, D. C., John H. Reddy, U. S. Attorney, Chattanooga, Morton Hollander and William Kanter, Attorneys, Department of Justice, Washington, D. C., for petitioner; Frantz, McConnell & Seymour, Knoxville, of counsel.

Poore, Cox, Baker & McAuley, Knoxville, and John M. McCloud, LaFollette, for respondent.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

This action was originally brought in the Circuit Court of Anderson County by Rudy C. Beavin against Paul Polishuk for personal injuries sustained while riding as a guest in an automobile owned and operated by Polishuk. Both parties were employees of the Federal Government.

Defendant removed the suit to the United States District Court for the Eastern District of Tennessee, Northern Division, insisting plaintiff's exclusive remedy was against the United States under the Federal Tort Claims Act, 28 U.S.C.A., Section 2679(b), defendant being a Federal employee and operating his automobile in the scope of his employment at the time of the accident and resulting injuries to plaintiff.

Thereafter, the United States District Attorney General intervened and certified defendant was a government employee on government business at the time of the accident and moved the Court the United States be substituted in the place and stead of defendant. This motion was granted.

Subsequently, the United States District Attorney General filed a motion for summary judgment on the ground the pleadings and exhibits thereto presented no genuine issue as to any material fact and the United States was entitled to a judgment as a matter of law.

Plaintiff then filed a motion to remand the suit to the Circuit Court of Anderson County.

The Honorable Robert L. Taylor, United States District Judge, in granting the motion, said:

"* * * Since plaintiff was injured while on active duty as a member of the armed services in the course of an activity incident to such service, he does not have a cause of action under the Federal Tort Claims Act. *Feres vs. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

"It is, therefore, ordered that the motion of plaintiff to remand the cause to the State Court pursuant to 28 U.S.C. 2679(d) be, and the same is granted."

Upon the remand, the matter was heard by Honorable Roland Prince, Law and Equity Judge for Anderson County, without the intervention of a jury. Judge Prince entered a judgment for plaintiff in the sum of $42,500.00 against defendant.

Defendant's motion for a new trial was overruled and he perfected an appeal to the Court of Appeals. That Court affirmed the judgment. Defendant petitioned this Court for the writ of certiorari, which was granted. The matter has been ably argued at the Bar of this Court and excellent briefs filed on behalf of the parties and amici curiae. We have concluded we must reverse both lower courts and dismiss the suit.

It was the insistence of defendant in the trial court and in the Court of Appeals that he was operating his automobile in the scope of his employment with the United States of America on the occasion of the accident; and, therefore, plaintiff's exclusive remedy was against the United States under the provisions of 28 U.S.C.A., Sections 1346(b), 2671 et seq., the Federal Tort Claims Act.

The same contention is made in this Court and insisted we should reverse the lower courts and dismiss the suit.

To meet this insistence in the lower courts, plaintiff insisted, as he does here, at the time of the accident resulting in injuries to him, defendant was not operating his automobile within the scope of his employment; and, therefore, defendant was personally liable to him. Specifically, plaintiff insists defendant on the previous night had detoured or deviated from his master's route and had not reached the point of deviation at the time of the accident.

In order to fully understand the contentions of the respective parties, it is necessary we set forth the facts prior to the filing of the suit.

On the occasion of the accident, plaintiff was a Lieutenant in the United States Air Force and defendant a civilian employee of the Air Force. Both were engaged as physicists at Wright-Patterson Air Force Base near Dayton, Ohio.

On May 26, 1965, plaintiff and defendant were ordered to report to Oak Ridge Technical Enterprises at Oak Ridge, Tennessee, the following day for temporary duty. Defendant was to receive mileage allowance for the use of his automobile in traveling to Oak Ridge. The

mileage was to be calculated on the shortest route from Dayton to Oak Ridge shown by certain maps.

The orders clearly contemplated an overnight trip. Each were allowed $16.00 per diem to cover lodging and meals with no instructions as to where they should obtain lodging and meals en route to Oak Ridge; nor did the orders require them to travel a designated route.

They left Dayton on May 26, 1965. They arrived in Clinton, Tennessee, about eight P.M. Instead of proceeding to Oak Ridge, they decided to turn left at Clinton and travel toward Knoxville and obtain lodging for the night.

It is undisputed the reason they decided not to proceed to Oak Ridge that night was on a previous visit to Oak Ridge, the Holiday Inn there had no vacancies, the accommodations at another motel in which they did stay on the occasion were unsatisfactory and they knew of no other facilities in that city.

They traveled about eight or nine miles beyond Clinton on Highway 25-W toward Knoxville and obtained lodging for the night at the Knox Motel. Thereafter, they decided to drive into Knoxville for dinner.

When they awakened the next morning it was raining. They decided to drive to Oak Ridge and have breakfast there. The record shows the distance to be approximately fifteen miles.

The accident occurred at approximately seven thirty A.M., at a point about four or five miles from the Knox Motel on Highway 25 toward Clinton. Defendant's car skidded into the path of an automobile traveling in the opposite direction.

28 U.S.C.A., Section 1346(b) of the Federal Tort Claims Act provides:

"Subject to the provisions of Chapter 171 of this Title, the district courts * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

We quote the pertinent subsections of the Federal Drivers Act, 28 U.S.C.A. sec. 2679(b)-(d), inclusive:

"The remedy by suit against the United States as provided by Section 1346(b) of this Title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

Subsection (c):

"The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver with-

in such time after date of service or knowledge of service as determined by the Attorney General, or process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal Agency."

Subsection (d):

"Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States District Court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court."

The parties agree the order of remand of Judge Taylor was not reviewable on appeal or otherwise by virtue of 28 U.S.C.A., Section 1447(d).

The record shows Judge Taylor found from the evidence before him defendant was, at the time of the accident, operating the automobile in the course of his employment. See *Jones v. Polishuk and the United States,* D.C., 252 F.Supp. 752 (1967).

Neither the trial court nor the Court of Appeals made any finding on the issue of whether Polishuk, at the time of the accident, was operating his automobile in the course of his governmental employment.

After hearing the evidence, the trial judge stated from the bench the evidence showed defendant was neglignt and the injuries suffered by plaintiff were the result of his negligence.

The Court of Appeals, as we understand its opinion, held the order of remand by Judge Taylor was conclusive on the issue of whether plaintiff could maintain his action against Polishuk in the state court.

We think such was error. The order of remand was conclusive only as to the right of plaintiff to recover under the Federal Tort Claims Act. But it was not conclusive on the issue of whether defendant was immune from personal suit by plaintiff by virtue of the provisions of the Federal Drivers Act quoted above. In the case of *Vantrease v. United States,* United States Court of Appeals for the Sixth Circuit, 400 F.2d 853, decided September 4, 1968, the Court said:

"Plaintiff was injured while within the scope of his employment as a mail carrier for the United States Post Office when struck by a car driven by another Post Office employee, Cameron, who was also within the scope of his employment. Plaintiff received benefits under the Federal Employees' Compensation Act (5

U.S.C. sec. 751 et seq.) (now recodified, 5 U.S.C. (Supp. II) sec. 8101 et seq.) and then brought a common law negligence action against Cameron in the state courts of Michigan. Upon certification by the United States Attorney that Cameron was acting within the scope of his employment at the time of the incident, the cause was removed to the United States District Court for the Western District of Michigan under the Federal Drivers Act (28 U.S.C. Section 2679(d)), and the United States was substituted as the party defendant. From the District Court's order dismissing the action on the government's motion for summary judgment, and denying plaintiff's motion to remand the cause to the state courts for his negligence claim against Cameron, plaintiff appeals.

"The Federal Drivers Act (28 U.S.C. sec. 2679(b)) was enacted in 1961 to protect or immunize government drivers from personal liability on claims arising from vehicular accidents occurring during the course of their employment, and to accordingly relieve such employees of the burden of acquiring private automobile liability insurance for driving while on the job. See H. R. Rep. No. 297, 87th Cong., 1st Sess.; S.Rep. No. 736, 87th Cong., 1st Sess.; 107 Cong.Rec. 18,499-500, 87th Cong., 1st Sess., U.S.Code Cong. & Admin.News 1961, p. 2784. See Generally Annot. 16 A.L.R.3d 1394, 1402 (1967). The purpose of the Act is accomplished by making '[t]he remedy by suit against the United States as provided by section 1346(b) (Federal Tort Claims Act) of this title for damage * * or * * * personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employ-

ment * *, exclusive of any other civil action or proceeding by reason of the same subject matter against the employee * *.' 28 U.S.C. sec. 2679(b). This section is implemented by subsection (d) which makes provision for removal to an appropriate district court of state court suits against a federal driver upon certification by a United States Attorney that the driver was within the scope of his employment at the time of the incident out of which the suit arose, the cause thereafter being 'deemed a tort action brought against the United States' under the Federal Tort Claims Act. However, when a claimant such as plaintiff here is a federal employee who is entitled to benefits under the Federal Employees' Compensation Act, he cannot recover against the United States under the Tort Claims Act since the compensation act provides that 'the liability of the United States or any of its instrumentalities under sections 751-756, 757-781, 783-791 and 793 of this title or any extension thereof with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States or such instrumentality to the employee * * *.' 5 U.S.C. sec. 757(b) (now recodified, 5 U.S.C. (Supp. II) sec. 8116(c)). The District Court in the instant case sustained the government's position that the above statutory provisions not only precluded plaintiff's claim for damages against the United States, but also precluded his common law action against the alleged tortfeasor individually. This determination is in accord with *Noga v. United States*, 272 F.Supp. 51 (N.D.Calif.1967); *Beechwood v. United States*, 264 F.Supp. 926 (D.C.Mont.1967); and *Van Houten v. Ralls*, 290 F.Supp. 67 (D.C.Nev., No. 1911-N, 1967).

* * * * * *

"Plaintiff's principal contention is that the denial of his common law action against the alleged tortfeasor thwarts the legislative intent behind the Federal Employees' Compensation Act. In this respect, plaintiff cites four cases in support of the proposition that a federal employee who has sustained injuries as a result of an automobile accident may receive compensation benefits under the federal act and still bring suit against the federal employee who allegedly caused the injury. One case, with which we disagree, does support this assertion, *Gilliam v. United States,* 264 F.Supp. 7 (E.D.Ky.1967); two cases are factually distinguishable from the present situation. *Allman v. Henley,* 302 F.2d 559 (5th Cir. 1962) and *Seligman v. Gerlach,* 28 Misc. 2d 632, 215 N.Y.S.2d 634 (1961); and the court in the fourth did not mention the Drivers Act, presumably because suit was commenced prior to its effective date, *Marion v. United States,* 214 F.Supp. 320 (D.C.Md. 1963) (See Section 2 of the Drivers Act, 75 Stat. 539.).

"The purported congressional intent to permit state actions against an alleged tortfeasor where plaintiff has received compensation benefits from the federal government is allegedly evidenced by the fact that Congress has never prohibited such suits. In contrast to the conjectured legislative intent which might be presumed from congressional silence, is the declared policy reflected by the Drivers Act and its legislative history to insulate federal drivers from personal liability for accidents occurring while they are within the course of employment. To ignore the clear and unambiguous language of this Act, as plaintiff would have us do, would create the unwarranted exception that government drivers are not exonerated from personal

liability if the injured party is another federal employee. See *Van Houten v. Ralls,* supra.''

■ It is quite clear the Drivers Act was enacted to immunize or insulate government drivers from personal liability on claims arising from automobile accidents occurring while in the course of their employment, and also to relieve them of the burden of obtaining private automobile liability insurance for personal protection while driving in the course of their employment.

Judge Taylor remanded the case on authority of *Feres v. United States,* supra, in which case the Court said:

''This court, in deciding claims for wrongs incident to service under the Tort Claims Act, cannot escape attributing some bearing upon it to enactments by Congress which provide systems of simple, certain, and uniform compensation for injuries or death of those in armed services. We might say that the claimant may (a) enjoy both types of recovery, or (b) elect which to pursue, thereby waiving the other, or (c) pursue both, crediting the larger liability with the proceeds with the smaller, or (d) that the compensation and pension remedy excludes the tort remedy. There is as much statutory authority for one as for another of these conclusions. If Congress had contemplated that this Tort Act would be held to apply in cases of this kind, it is difficult to see why it should have omitted any provision to adjust these two types of remedies to each other. The absence of any such adjustment is persuasive that there was no awareness that the Act might be interpreted to permit recovery for injuries incident to military service.''

■ Accordingly, an officer of the armed services receiving injuries due to the negligent operation of an auto-

mobile of a Federal employee acting in the course of his employment has recourse under one of the various Acts providing compensation benefits for personal injuries to such serviceman. But he has no recourse against the United States under the Federal Tort Claims Act nor the tortfeasor acting in the course of his employment.

This record shows Beavin was hospitalized at Oak Ridge after the accident. Later he was transferred to the Lackland Air Force Base Hospital where he remained until the first of August, 1965. He was then transferred to the Wright-Patterson Air Force Base Hospital. All his hospital and medical expenses while a patient in the government hospitals were assumed by the government.

At the time of the accident his base pay was approximately $500.00 monthly, which he continued to receive during his hospitalization. He returned to his duties September 1, 1965. He did the same type of work as he had been doing prior to the accident. He received a promotion to Captain.

In July, 1966, he received a fifty per cent temporary disability retirement from the Air Force of $300.00 monthly. He then was employed as a civilian employee under civil service and received an annual salary of $9,800.00. At the time of the trial his salary had been raised to $12,800.00 annually. His civilian duties were the same he was performing prior to the accident.

The record shows his disability is revaluated in eighteen months intervals for five years, and if found permanent at that time he will be retired from the Air Force on a permanent disability retirement basis.

However, it remains to be seen whether defendant, in the instant case, was acting within the scope of his

employment at the time of the accident and injuries to plaintiff.

As stated, neither the trial court nor the Court of Appeals considered this issue. However, the proof as to this matter is undisputed and the issue is one of law.

We are of the opinion, under the undisputed facts, defendant was operating his automobile on the occasion of the accident in the course of his employment.

In the case of *Cunningham v. Union Chevrolet Company*, 177 Tenn. 214, 147 S.W.2d 746, 148 S.W.2d 633 (1941), the Court quoted with approval the following:

"We have concluded that it is essential, by some process or other, to determine whether, at the outset, the trip in question was that of the employer, or that of the employee. Having determined that it was the employer's trip, the employee is engaged in his employer's business and acting within the scope of his employment while going to and returning from the terminus of the trip. If it is the employee's trip, he is not within the scope of his employment while en route to, or returning from, the terminus of his trip. In case it is the employer's trip, and there are any detours for purely personal objectives, such detours must be separated from the main trip and the employee held to be outside the scope of his employment during such detour. If it is his own trip, then such detours as are made for the purpose of dispatching business for his employer must be held to be within the scope of his employment."

There can be no doubt the trip was that of the employer. Both parties had been ordered to report to Oak Ridge for temporary duty. An overnight trip was contemplated

by the employer. Plaintiff was not instructed to stay at any particular lodging place on the route. Nor was he directed to travel any designated route. Both plaintiff and defendant agreed to make the slight detour at Clinton from the direct route to Oak Ridge not to transact any business personal to them but to obtain suitable accommodations for the night as contemplated by their orders.

In other words, the parties obtained lodging at the Knox Motel for their personal comfort and for the purpose of proceeding to their temporary duties the next morning.

"The courts are agreed that the employee remains in the scope of his employment when he combines his own purposes with those of his employer." 8 Am.Jur. 2d, Automobiles and Highway Traffic, Section 618, page 170.

"The mere fact that the employee was, at the time of the accident, proceeding toward his business designation by a route somewhat longer than absolutely necessary has been held not to require the conclusion that he had abandoned his employment, at least in the absence of a showing that he had received specific instructions as to the route to be followed." 8 Am.Jur. 2d, supra, Section 625, page 175.

The deviation at Clinton was not unauthorized and was reasonable. It was merely a slight or incidental departure from a direct route from Dayton to Oak Ridge.

"Employer's liability does not terminate until there has been a marked departure or deviation from the employee's line of duty. In case where the departure or deviation was slight and not unusual the court may, and often will, as a matter of law, determine that the

driver was still executing his employer's business, * * *." 8 Am.Jur.2d, supra, Section 618, page 170.

We think under the undisputed facts, plaintiff was in the course of his employment on the occasion of the accident.

The judgments of the courts below are reversed and the suit dismissed at the cost of plaintiff.

BURNETT, CHIEF JUSTICE, and DYER, CRESON and HUMPHREYS, JUSTICES, concur.