John C. VAN HOUTEN, Appellant,

v.

Ray Arthur RALLS and Gerald L. Byington, Appellees.

No. 22356.

United States Court of Appeals Ninth Circuit.

April 25, 1969.

Rehearing Denied June 20, 1969.

George W. Abbott (argued), Minden, Nev., for appellant.

Carl Eardley (argued), Deputy Asst. Atty. Gen., Edwin L. Weisl, Jr., Asst. Atty. Gen., Morton Hollander and Wm. Kanter, Attys., Dept. of Justice, Washington, D. C., Joseph L. Ward, U. S. Atty., Reno, Nev., for appellees.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

HAMLEY, Circuit Judge:

John C. Van Houten commenced a suit against the United States and two employees of the federal Government in the

United States District Court for the District of Nevada. He sought to recover damages for injuries sustained when an automobile in which he was riding as a passenger collided with another vehicle due to the alleged negligence of both drivers. Both drivers, Ray Arthur Ralls and Gerald L. Byington, and Van Houten himself, were employees of the United States acting within the scope of their employment at the time of the accident. Insofar as the United States was concerned, subject-matter jurisdiction was asserted under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1964), and the Federal Drivers Act, 28 U.S.C. §·2679(b)–(e) (1964).

The Government moved for summary judgment dismissing the action as to the United States on the ground that, as a Government employee injured during the course of his employment, Van Houten's sole remedy against the United States was his right to benefits under the Federal Employees' Compensation Act (FECA), 5 U.S.C. (Supp. II) (1967) §§ 8101 et seq.[1] A motion was also made to dismiss the action as to the personal defendants on the ground that the Federal Drivers Act, 28 U.S.C. § 2679(b)–(e) (1964), prohibits a civil action in any court against federal drivers for injuries caused by the negligence of such drivers while acting within the course of their Government employment.

The district court granted the motion for summary judgment and dismissed the action as to the United States. The court also granted the motion to dismiss the action as to the personal defendants, but not on the Federal Drivers Act ground referred to above. The court dismissed the action as to those defendants for lack of diversity jurisdiction. However, the court expressed the opinion that an action against the individual drivers in an appropriate state court is not barred by the Federal Drivers Act,

---

1. The particular provision of FECA which makes benefits thereunder the exclusive remedy available to federal employees against the United States for injuries sustained in the course of employment is 5 U.S.C. (Supp. II) (1967) § 8116(c).

in view of the unavailability of a tort remedy against the United States.

· Van Houten did not appeal from the judgment of dismissal. Instead, he commenced the action now before us in a Nevada state court. Seeking damages for personal injuries sustained in the accident referred to above, he named as defendants the two drivers, Ralls and Byington. Upon the certification of the United States, the action was removed to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. § 2679(d) (1964), a provision of the Federal Drivers Act.[2]

Plaintiff then moved to remand the cause back to the state court, arguing that a remedy by suit within the meaning of 28 U.S.C. § 2679(b) is not available against the United States.[3] Plaintiff called attention to the fact that the last sentence of 28 U.S.C. § 2679(d) under which the remand from the state court to the federal court was obtained (quoted in note 2), provides that if it should be determined that the case is one in which a remedy by suit is not available against the United States, "the case shall be remanded to the State court." As before noted, the unavailability of a direct remedy against the United States had already been established in Van Houten's prior action against the United States.

Defendants (in actuality the United States as substituted defendant) countered with a motion to dismiss the action. They argued, among other things, that a remand to the state court would destroy the protection which Congress intended to give federal drivers under the Federal Drivers Act.

The district court accepted this reasoning and granted defendants' motion to dismiss. It thereby implicitly denied plaintiff's motion to remand back to the state court. In doing so, the court concluded that its earlier expression of opinion that the Federal Drivers Act did not bar a state court action against the personal defendants was in error. This appeal followed.

■ The district court correctly ruled that, under the circumstances of this case, the remand provision of the Federal Drivers Act did not call for retransfer of the suit to the state court. The remand provision (see note 2) is applicable only where the Government driver is found to have been acting outside the scope of his employment at the time of the accident. Vantrease v. United States, 6 Cir., 400 F.2d 853, 855.

■■ The other contentions advanced by Van Houten on this appeal were also dealt with and rejected in *Van-*

2. Section 2679(d) reads:
   "(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title [Federal Tort Claims Act] and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court."

3. Section 2679(b), as amended, 80 Stat. 307 (1966), 28 U.S.C. (Supp. II) § 2679 (b) reads:
   "(b) The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

*trease.*[4] We are in agreement with the reasoning of the Sixth Circuit in that opinion. The federal legislative objective in enacting the Federal Drivers Act while leaving the exclusivity provision of the FECA intact was apparently to protect federal drivers from personal liability by rendering the Government liable in tort, in the case of non-federal employee plaintiffs, and by rendering the Government liable only under the FECA in the case of federal employee plaintiffs.

Van Houten has raised no due process question in this litigation.

Affirmed.

4. On other aspects of this general problem see Noga v. United States, 9 Cir., 411 F. 2d 943, decided today, and Gilliam v. United States, 6 Cir., 407 F.2d 818.