**Gladys J. BOYER and Louis Boyer**

v.

**Francis E. REGLI and Robert G. Phillips.**

Civ. A. No. 80–3382.

United States District Court, E. D. Pennsylvania.

April 6, 1981.

Howard M. Girsh, Steinberg & Girsh, Philadelphia, Pa., for plaintiffs.

Peter F. Vaira, U. S. Atty., Edward F. Borden, Jr., Asst. U. S. Atty., Dept. of Justice, E. D. Pennsylvania, Philadelphia, Pa., for Phillips.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Robert Phillips, one of the two defendants in this action, has filed a motion to dismiss the complaint as to him. Since Phillips has filed affidavits in support of his motion, the Court, pursuant to Fed.R.Civ.P. 12(b), will treat Phillips' motion as one for summary judgment, pursuant to Rule 56. This action was removed to this Court from the Court of Common Pleas of Montgomery County, Pennsylvania, pursuant to the Federal Drivers Act, 28 U.S.C.A. § 2679. For the reasons hereinafter set forth, Phillips' motion will be granted and the plaintiffs' action against the second defendant, Francis Regli, will be remanded to the state court.

A court may grant a motion for summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). If the affidavits, depositions, other matters of record, and any reasonable inferences therefrom, interpreted in a light most favorable to the plaintiff, who is the non-moving party, reveal the existence of a genuine issue of material fact, then a motion for summary judgment must be denied. *Sanford v. O'Neill*, 616 F.2d 92 (3d Cir. 1980); *Perks v. Firestone Tire & Rubber Co.*, 611 F.2d 1363 (3d Cir. 1979).

The only paper attached to Phillips' removal petition was a copy of the summons served upon him. Phillips alleges in his motion to dismiss that no complaint was ever served upon him. He further alleges that this action was instituted by the plaintiffs as a result of an accident on July 26, 1978 in which Mrs. Boyer, one of the plaintiffs, was involved. Phillips attached to his motion to dismiss a copy of the complaint filed by the plaintiffs against the United States under the Federal Tort Claims Act in Civil Action No. 80–2763, a related action on this Court's docket. Civil Action No. 80–2763 arises from the accident on July 26, 1978 and charges Phillips with negligence. The plaintiffs have not denied any of these allegations.

Affidavits filed on behalf of Phillips state that both he and Mrs. Boyer were federal employees on July 26, 1978, and that on that day she was a passenger in a federally owned vehicle driven by Phillips when the vehicle was involved in an accident. The affidavits also state both Phillips and Mrs. Boyer were acting in the course of their employment when the accident occurred. Phillips also alleges that co-defendant Francis Regli was the driver of the other vehicle involved in the accident.

■ Removal under the Federal Drivers Act was proper in this action. 28 U.S.C.A. § 2679(d), the removal provision of the Federal Drivers Act, provides:

(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.

Section 2679(d) permits removal to the appropriate United States district court of state court actions against a federal driver where the federal driver was acting within the scope of his employment at the time of the accident out of which the suit arose. *Id.* § 2679(d); *Vantrease v. United States*, 400 F.2d 853 (9th Cir. 1968). The affidavits filed on behalf of Phillips state that both Phillips and Mrs. Boyer were acting in the course of their employment at the time of the July 26, 1978 accident. These affidavits have not been opposed by the plaintiffs, and thus there is no factual issue on this record in connection with the fact that Phillips and Mrs. Boyer were both acting in the course of their employment at the time of the July 26, 1978 accident.

■ Although this action was properly removed, the Federal Drivers Act abolishes any personal liability of Phillips to the plaintiffs in this action. 28 U.S.C.A. § 2679(b) provides:

(b) The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

This section immunizes a federal driver acting in the course of his employment from personal liability for injury or death resulting therefrom, and gives the injured party an action under the Federal Tort Claims Act against the United States. *Thomason v. Sanchez*, 539 F.2d 955 (3d Cir. 1976); *Noga v. United States*, 411 F.2d 943 (9th Cir.), *cert. denied*, 396 U.S. 841, 90 S.Ct. 104, 24 L.Ed.2d 92 (1969). However, as this Court held in *Boyer v. United States*, 510 F.Supp. 1081 (E.D.Pa.1981), Mrs. Boyer, as a federal employee acting within the scope of her employment, has no action against the United States under the Federal Tort Claims Act, but is limited to recovery under the Federal Employees Compensation Act, 5 U.S.C.A. § 8116(c)[1]; *Joyce v. United States*, 474 F.2d 215 (3d Cir. 1973); *Noga, supra; Vantrease, supra*, and her husband, Mr. Boyer, who is the co-plaintiff in this action, is likewise limited to recovery under the Federal Employees Compensation Act. 5 U.S.C.A. § 8116(c); *Posegate v. United States*, 288 F.2d 11 (9th Cir.), *cert. denied*, 368 U.S. 832, 82 S.Ct. 55, 7 L.Ed.2d 34 (1961). The Court will therefore enter judgment in favor of Phillips in connection with Phillips' motion to dismiss, which has

---

1. 5 U.S.C.A. § 8116(c) provides:

(c) The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

been considered as a motion for summary judgment.

 The citizenship of Phillips' co-defendant, Francis Regli, has nowhere been alleged. Since Phillips will no longer be a party in this action, there is no federal question jurisdiction and therefore no basis for the exercise of subject matter jurisdiction by this Court over the defendant Regli. The Court will therefore remand the part of this action with respect to Mr. Regli to the state court. *Smith v. Randall*, 393 F.Supp. 1320 (D.Md.1974); *Whealton v. United States*, 271 F.Supp. 770 (E.D.Va.1967). An appropriate order will accordingly be entered.