Gladys J. **BOYER** and Louis Boyer

v.

**UNITED STATES of America.**

Civ. A. No. 80–2763.

United States District Court,
E. D. Pennsylvania.

April 6, 1981.

Howard M. Girsh, Steinberg & Girsh, Philadelphia, Pa., for plaintiff.

Peter F. Vaira, U.S. Atty., Edward F. Borden, Jr., Asst. U.S. Atty., Dept. of Justice, E.D. Pennsylvania, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The defendant, the United States of America (Government), has moved for summary judgment against the plaintiffs, Louis Boyer and Gladys Boyer, who are husband and wife. This action was filed under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. § 2671 et seq. The Government contends that the plaintiffs cannot assert a claim for relief against it under the FTCA because Mrs. Boyer was a federal employee at the time of the accident and the accident occurred in the course of her employment, and that the plaintiffs can only recover against the Government under the Federal Employees Compensation Act (FECA), 5 U.S.C.A. § 8101 et seq. Since the plaintiffs have no basis for recovery against the Government under the FTCA and are limited to their rights under the FECA, the Government's motion for summary judgment will be granted.

A court may grant a motion for summary judgment if there is no genuine issue as to

any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). If the affidavits, depositions, other matters of record, and any reasonable inferences therefrom, interpreted in a light most favorable to the plaintiff, who is the non-moving party, reveal the existence of a genuine issue of material fact, then a motion for summary judgment must be denied. *Perks v. Firestone Tire & Rubber Co.*, 611 F.2d 1363 (3d Cir. 1979).

The complaint alleges that on July 27, 1978, in Gwynedd Township, Montgomery County, Pennsylvania, Mr. Boyer and Mrs. Boyer, the plaintiffs, sustained damages due to the negligence of Robert Phillips, a Government employee, who was operating a Government owned motor vehicle with the consent of the Government. Mrs. Boyer was a passenger in this vehicle. The plaintiffs also allege that Mr. Phillips was acting within the scope of his employment at the time of the accident.

The Government submitted two affidavits with its motion for summary judgment. These affidavits state that at the time of the accident Mrs. Boyer, the injured plaintiff, was a Government employee acting in the course of her employment. The plaintiffs have submitted no affidavits in opposition to those submitted by the Government.

The record in this action shows that Mrs. Boyer was a federal employee at the time of the accident on July 26, 1978, and at that time she was acting in the course and scope of her employment. The record reveals no factual issue in connection with these matters. The FECA, at 5 U.S.C.A. § 8116(c), provides:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct

judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

Section 8116(c) makes it clear that the FECA is "a federal employee's exclusive remedy against the United States for injuries sustained within the scope of employment." *Vantrease v. United States*, 400 F.2d 853, 855 (9th Cir. 1968); *Joyce v. United States*, 474 F.2d 215 (3d Cir. 1973); *Noga v. United States*, 411 F.2d 943 (9th Cir.), *cert. denied*, 396 U.S. 841, 90 S.Ct. 104, 24 L.Ed.2d 92 (1969). Section 8116(c) also makes the FECA the exclusive remedy for claims by Mr. Boyer in connection with the accident on July 26, 1978. 5 U.S.C.A. § 8116(c); *Posegate v. United States*, 288 F.2d 11 (9th Cir.), *cert. denied*, 368 U.S. 832, 82 S.Ct. 55, 7 L.Ed.2d 34 (1961). The plaintiffs are therefore barred from proceeding against the Government under the FTCA. *Joyce, supra; Vantrease, supra.*

Since there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law, the Government's motion for summary judgment will be granted. An appropriate order will accordingly be entered.