**RODRIGUEZ v. UNITED STATES.**

No. 275 of 1949.

United States District Court
E. D. Pennsylvania.

Feb. 23, 1951.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., Leavenworth Colby, Special Asst. to the Atty. Gen., James P. McCormick, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The libellant was a civil service employee of the Army Engineers Corps, serving as a fireman aboard the Dredge "General Gillespie", a public vessel of the United States.

On April 21, 1949, Jones, the second assistant engineer and the libellant's immediate superior officer, ordered the libellant to remove the guard from the blower of one of the boilers for the purpose of installing a new type of guard. The blower is a rapidly revolving fan located just back of the guard. The libellant attempted to remove the guard while the blower fan was revolving at full speed and while he was doing so the guard caught in the blades of the revolving fan with the result that his right hand was injured.

The libellant could have, with very little extra trouble, stopped the fan by shutting down the burner, at the same time maintaining the steam pressure by increasing the fuel pressure on other burners, of which there were seven. He had the right to do so without asking for special permission and there was nothing in the order which Jones gave him which forbade him to do so.

Jones was, at the time of the accident, in the boiler room, not far away from the libellant. He had been working on the blower but left it and was sitting on a waste-can "watching the water and the boilers". I am satisfied that he saw enough of what the libellant was doing to know that the latter was attempting to remove the guard without shutting down the blower.

■ The libellant was an experienced man and fully understood the construction of the boiler and blower and I do not think that Jones was bound to warn him in advance against trying to take the guard off while the blower was revolving. This was the extent of the Court's holding in Shields v. United States, 3 Cir., 175 F.2d 743. However, Jones was a supervisory employee. While he would not have been bound to follow an experienced man around to see that he did his work carefully, in this instance he was actually present and saw the work being done in an extremely dangerous fashion. His job was to supervise work, and I think that, in permitting the libellant to take the risks he was taking without trying to stop or warn him, he was negligent.

■ Of course, it almost goes without saying that the libellant was contributorily negligent and I think that the accident was in much larger part due to his negligence than to Jones'. This fact will be taken into consideration in fixing the damages.

■ Following Judge McGranery's opinion in Mandel v. United States, D.C., 74 F.Supp. 754, I hold that the fact that the libellant was a civil service employee upon a public vessel does not prevent his recovery under the Public Vessels Act, 46 U.S.C.A. § 781 et seq.

Two days after the libellant was discharged from the hospital he signed an application for compensation in blank form at the Philadelphia District Office, Corps of Engineers. He was not advised that he had an election between compensation and a suit for damages under the Public Vessels Act nor was he aware of his legal rights. On June 10, 1949, he signed another blank form entitled "Continuance of Compensation" still not having been advised of his legal rights. He instituted this action under the Public Vessels Act on July 8, 1949, up to which time he had not received any compensation. On July 13, 1949, a check in the amount of $155.55 was mailed to him. The lebellant returned the check with an explanation that the suit had already been instituted.

■ On the foregoing facts I find that the libellant has not elected to proceed under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq., and that this suit is not barred by the provisions of that Act.

■ I find that the respondent was not negligent in failing to provide the libellant with a reasonably safe place to work, Shields v. United States, D.C., 73 F.Supp. 862, affirmed, 3 Cir., 175 F.2d 743, but that the respondent was negligent in permitting the libellant to work at removing the guard without shutting down the blower and that this negligence was in part a cause of the accident.

I find that the libellant was contributorily negligent and that his negligence was also a cause of the accident.

■ I award damages to the libellant in the amount of $800.