**RODRIGUEZ v. UNITED STATES.**

No. 10531.

United States Court of Appeals
Third Circuit.

Argued Oct. 16, 1952.

Reargued March 2, 1953.

Decided May 29, 1953.

Leavenworth Colby, Washington, D. C. (James R. Browning, Acting Asst. Atty. Gen., Gerald A. Gleeson, U. S. Atty., James P. McCormick, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for the United States.

Abraham E. Freedman, Philadelphia, Pa., for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

 This is an appeal by the United States from a judgment of the district court awarding maintenance and damages to a seaman who was injured in the course of his employment on an army dredge. D. C.E.D.Pa.1951, 97 F.Supp. 172. Since that judgment this court decided Mandel v. United States, 3 Cir., 1951, 191 F.2d 164, affirmed sub nom. Johansen v. United States, 1952, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051. We held that the benefits available to a seaman on a public vessel of the United States under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq., are exclusive and preclude an action under the Public Vessels Act, 46 U.S.C.A. § 781 et seq.

The libelant's original position was that the Mandel case was incorrectly decided. Since the Supreme Court affirmed this court, that argument goes by the board. So the libelant now endeavors to avoid the consequences of that decision on the ground that the dredge in question was not a "public vessel" but was "employed as a merchant vessel", and that he therefore is entitled to sue the United States under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. This effort cannot succeed. The dredge was owned and operated by the United States Army. It was performing a public function in deepening the Schuylkill River pursuant to a Congressional appropriation for river and harbor improvement. The operations were under the supervision of military personnel of the engineers corps. In all respects the dredge was a public vessel performing a public service and was not employed as a merchant vessel. The appropriate references are The Western Maid, 1922, 257 U.S. 419, 42 S.Ct. 159, 66 L.Ed. 299; O. F. Nelson & Co. v. United States, 9 Cir., 1945, 149 F.2d 692, 698; Bradey v. United States, 2 Cir., 1945, 151 F.2d 742.

The judgment of the district court will be reversed and the case remanded with directions to dismiss the libel.