**Rudolph SWENARSKI, Libelant,**

v.

**UNITED STATES of America,**
**Respondent.**

**No. 26692.**

United States District Court
N. D. California, S. D.

March 22, 1954.

Proctor for Libelant: L. C. Gay, San Francisco, Cal.

Proctor for Respondent: Lloyd H. Burke, U. S. Atty., San Francisco, Cal.

GOODMAN, District Judge.

The principal issue in this cause is whether libelant has a cause of action for maintenance against the United States under the Public Vessels Act, 46 U.S. C.A. § 781 et seq. The United States contends that the court lacks jurisdiction of the cause because libelant's exclusive remedy is under the Federal Employees' Compensation Act. See Section 7(b) of the Act as amended, 63 Stat. 861, 5 U.S. C.A. § 757(b).

The record shows that libelant applied for and was employed as a civil service employee (seaman) upon a naval vessel of the United States. He applied for compensation to the Bureau of Employees' Compensation for disability due to tuberculosis alleged to have been contracted while performing his duties aboard ship. His claim was disallowed on the merits by the Bureau.

The government's contention must be sustained. Johansen v. U. S., 1950, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051. The Johansen case is not susceptible to the interpretation that a civil service employe upon a naval vessel of the United States may sue for maintenance under the Public Vessels Act. The United States has not consented to be so sued.

The cause must be dismissed for lack of jurisdiction. Present findings and decree accordingly.