**Jeffrey E. MAYO, Libelant,**

v.

**UNITED STATES of America,
Respondent.**

**No. 27188.**

United States District Court
N. D. California, S. D.

March 5, 1956.

L. Chas. Gay, San Francisco, Cal., for libelant.

Lloyd H. Burke, U.S. Atty., San Francisco, Cal., Keith R. Ferguson, Sp. Asst. to the Atty. Gen., William H. Thornton, Jr., Sp. Atty., Dept. of Justice, San Francisco, Cal., for respondent.

ROCHE, Chief Judge.

This action is brought under the Public Vessels Act, 46 U.S.C.A. §§ 781–790. As alleged in the libel, libelant was employed as a waiter and Civil Service crew member of the U.S.N.S. General Weigel from July, 1950 to October, 1951.  On December 1, 1951 the libelant joined the U.S.N.S. General W. H. Gordon in the same capacity.  During the course of libelant's employment aboard the U.S.N.S. General W. H. Gordon, he became ill. Libelant was hospitalized and treated for pulmonary tuberculosis at the Marine Hospital, San Francisco, from January 8, 1952 until August 31, 1953.  He was discharged to out-patient care on August 31, 1953 and remained an out-patient until June 15, 1954.  Libelant now makes claim for maintenance at the rate of $8 per day for the period of out-patient care.

---

Libelant has filed no claim for compensation under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq., stating that he admits that his illness was not proximately caused by his employment. Libelant contends that under the Public Vessels Act, he is entitled to maintenance as a seaman having fallen ill in the service of his ship. The sole question presented is whether the Court will disregard libelant's status as a Civil Service employee of the U. S. and hold that, as to him, the Federal Employees' Compensation Act is not an exclusive remedy, and permit him to maintain this suit under the Public Vessels Act.

Prior to the decision of the Supreme Court in Johansen v. United States, 1952, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 there was conflict in the court decisions as to the rights conferred by the Public Vessels Act on civil service seamen. It is true that in the Johansen case the Supreme Court was considering the question of the right of a civil service employee to bring suit for injuries incurred *in the course of his employment,* whereas in the instant case the seaman's illness did not occur in the course of his employment. However, the central thought of the Supreme Court decision is that the United States has not consented to be sued for damages by or on behalf of members of the civil service component of the crew of military transport vessels, and that the Federal Employees' Compensation Act of 1916 is the only remedy available to such employees.

The Supreme Court stated, 343 U.S. at page 441, 72 S.Ct. at page 857:

"All in all we are convinced that the Federal Employees' Compensation Act is the exclusive remedy for civilian seamen on public vessels. As the Government has created a comprehensive system to award payments for injuries, it should not be held to have made exceptions to that system without specific legislation to that effect."

In Swenarski v. United States, D.C., 124 F.Supp. 200, 1954 A.M.C. 1408, a case almost identical to this one, the court held that it did not have jurisdiction of the subject matter of the libel. In accord with this decision and the holding of the Supreme Court the libel herein is dismissed.