**Frisco M. CABALES, Plaintiff,**
and
**U. S. A. ex rel. Frisco M. Cabales,
Petitioner,**

v.

**UNITED STATES of America, Bulk Transport, Inc., General Agent and Frank W. Lawrence, Master of the SS ALBION VICTORY, Defendants.**

**No. 68 Civ. 1614.**

United States District Court
S. D. New York.

Nov. 6, 1968.

**1324**

William E. Fuller, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., Louis E. Greco, Atty. in Charge, Admiralty & Shipping Section, Dept. of Justice, New York City, for USA and Bulk. Peter Martin Klein, New York City, of counsel.

RYAN, District Judge.

Defendant BULK TRANSPORT moved for summary judgment. Defendant UNITED STATES also moves for partial summary judgment, dismissing the first alleged cause of action alleged against it except as to plaintiff's claim for personal effects and wages claimed due and not deposited; dismissing the second and fourth alleged causes of action; declaring that defendant LAWRENCE acted as an agent and employee of the UNITED STATES; and dismissing the complaint against him.

The UNITED STATES was the owner and operator of the SS ALBION VICTORY; BULK TRANSPORT was general agent under standard form of agreement for husbanding the ship; LAWRENCE was Master of the ship and an employee and agent of the Government.

Plaintiff, a merchant seaman holding a Coast Guard Merchant Mariner's Document, was a Government employee employed as a seaman on the SS ALBION VICTORY.

It appears that plaintiff seaman left the ship at a Philippine port and did not return. The ship sailed without him and he was officially logged by the Master for desertion. Wages earned by plaintiff prior to leaving the vessel and personal effects of plaintiff were delivered to a Shipping Commissioner and by him deposited with the District Court for the Eastern District of Texas. It is of record that the Coast Guard thereafter summoned plaintiff to appear at an administrative hearing held in New York to determine what action should be taken with reference to plaintiff's Merchant Mariner's Document in light of the log entries of desertion and charges of misconduct. Plaintiff appeared with counsel, and defended on the merits, without waiving his objection to jurisdiction; ten sessions were held from February to July, 1968. On July 1, 1968, the hearings were concluded; decision was reserved and has not yet been rendered (See Title 46 U.S.C. Section 239(g) and Regulations 46 C.F.R. Part 137; as to plaintiff's right to subsequent appeal—to Commandant see 46 C. F.R. 137, 30–1; and then to Safety Board, Department of Transportation, see 33 F.R. 458, 14 C.F.R. 425).

In his complaint, plaintiff alleges:

Count 1—a claim for wages due plus forfeitures, deductions and personal effects, including the $1,329.00 on Court deposit.

Count 2—a claim for imposition of penalties for failure to pay wages (Title 46 Sections 596 and 597, U.S.C.).

Count 3—a claim for libel and slander, based on the charge of desertion and alleged failure to investigate the falsity of the charges.

Count 4—a claim for injunctive relief against pending Coast Guard proceedings.

 If plaintiff has any claim, his sole remedy is under the Suits in Admiralty Act (Title 46 U.S.C. Section 741 et seq; see Clarification Act, Title 50 U.S.C. App. Section 1291). This statute, prohibits suits against those acting for the United States in the management of its vessels. All counts must be dismissed as to BULK TRANSPORT (Hanlon v. Waterman SS Co., 265 F.2d 206, 207 (2d Cir., 1959), cert. denied 361 U.S. 822, 80 S.Ct. 69, 4 L.Ed.2d 67).

LAWRENCE was a Government employee; the United States properly filed its counterclaim for a declaratory judgment so declaring (Title 28, U.S.C. Section 2201; Public Utilities Com. of State of Cal. v. United States, 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958)). Plaintiff has defaulted as to this counterclaim. The counts against LAWRENCE must all be dismissed.

We note, with reference to Count 2, that the UNITED STATES is now the only remaining defendant. As to it, Count 2 must be dismissed for neither the Clarification Act nor the Suits in Admiralty grant consent to the assertion of such a claim against the Government.

Such part of Count 1 which seeks recovery of wages deposited and personal effects surrendered must be dismissed without prejudice to proceedings in rem in the Court of deposit (Humes v. Alaska Transport Co., 180 F.2d 534, 536–537 (9th Cir., 1950)).

Count 4 must be dismissed as plaintiff has not yet exhausted all available administrative remedies.

Settle appropriate order and judgment on notice, providing for entry of immediate judgment; there is no just cause for delay in directing the Clerk to enter such judgment forthwith.

So ordered.