The **PHILADELPHIA NATIONAL BANK, Plaintiff-Appellant,**

v.

**UNITED STATES** of America; **Broward Marine, Inc., et al., Defendants-Appellees.**

No. 26734.

United States Court of Appeals Fifth Circuit.

May 13, 1969.

Rehearing Denied July 7, 1969.

---

* The Honorable Charles L. Powell, United States District Judge for the Eastern

District of Washington, sitting by designation.

L. L. Robinson, Miami, Fla., for appellant.

William A. Meadows, U. S. Atty., Miami, Fla., Edwin L. Weisl, Jr., Asst. Atty. Gen., Morton Hollander, Anthony W. Gross, Attys., Dept. of Justice, Washington, D. C., Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., for United States.

Gary P. Eidelstein, Miami Beach, Fla., Michael Weintraub, Miami, Fla., for Broward Marine, Inc.

Before TUTTLE and SIMPSON, Circuit Judges, and CASSIBRY, District Judge.

PER CURIAM:

This is an appeal from the dismissal of the plaintiff's suit against the United States based upon alleged breach of duty of a United States Marshal while storing a vessel, on which the plaintiff held a preferred mortgage, pending the foreclosure proceedings. The dismissal by the trial court was based upon the undisputed fact that the action was not commenced for more than two years after the marshal's custody was terminated and the vessel was turned over to the plaintiff which bid it in on foreclosure sale.

Whether the action was brought as a tort claim against the United States or under the Suits in Admiralty Act, the statutory period of limitation is two years. If, as contended by the United States, the action is one which is cognizable by the United States Courts under the Suits in Admiralty Act, such act would be the exclusive remedy. In that event, also, there can be no doubt but that the statutory period of two years would clearly bar the action.

If, on the contrary, the case could be considered as a federal tort claim action, we do not equate the matter of damage and the time of discovery with a case of malpractice by a government physician where the injured party is unable to discover that he has been damaged until some time after the initial act of malpractice. Cf. Quinton v. United States (5 Cir. 1962) 304 F.2d 234, 241.

The complaint here contained no jurisdictional allegations. Although an amendment could be received, even in this court, to allege jurisdictional facts, if supported by the record, this would avail the appellant nothing for under either ground of jurisdiction the plaintiff would find itself barred by the two year statute of limitations.

The judgment is

Affirmed.