**William R. MARTIN, Plaintiff,**

v.

**GRACE LINE, INC., a corporation, Does I through IV, inclusive, Defendants.**

**Civ. No. S–988.**

United States District Court, E. D. California.

July 8, 1970.

Rich, Fuidge, Dawson, Marsh, Morris, Banbrook & Noonan, Marysville, Cal., for plaintiff.

John P. Hyland, U. S. Atty., Sacramento, Cal., John F. Meadows, Atty. in Charge, West Coast Office, Admiralty & Shipping Section, Paul Gary Sterling, Atty., Admiralty & Shipping Section, San Francisco, Cal., U. S. Dept. of Justice, for defendants.

## MEMORANDUM AND ORDER

MacBRIDE, District Judge.

■ This action for personal injuries was brought by a seaman who was injured while a crew member of the SS Rutgers Victory. He brought his action under the Jones Act (46 U.S.C. § 688). Realizing too late that the ship is owned by the United States rather than Grace Line, plaintiff concedes, as he must, that his remedy should be under the Suits in Admiralty Act (46 U.S.C. §§ 741–52 & 781–90). *See* Cosmopolitan Shipping Company v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692 (1949); Johnson v. United States Shipping Bd. Emergency Fleet Corp., 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451 (1930). The court, lacking jurisdiction to adjudicate any claim against the general agent, must grant a summary judgment. *See e. g.,* Carter v. American Export Isbrandtsen Lines, Inc., 411 F.2d 1185 (2d Cir. 1969); Cabales v. United States, 300 F. Supp. 1323, 1325 (S.D.N.Y.1968).

■■ Plaintiff, who may not refile against the proper defendant because the statute of limitations has run, seeks to avoid application of these settled rules on the ground of estoppel. Plaintiff argues that because defendant "concealed" the true ownership of the vessel, it should be estopped from asserting this defense. In the first place, there was sufficient indication to put plaintiff and his attorneys on notice that this vessel was owned by the United States before the limitations period expired. All letters sent to plaintiff and his attorneys in connection with this action indicated that Grace Line was acting solely in the capacity of agent for the United States. In the second place, even if defendant's agency had not been as fully disclosed, statutes of limitations fixed by Congress may not be lengthened by estoppel or waiver by agents of the United States. *See* Kruhmin v. United States, 177 F.2d 906 (3d Cir. 1949). *Kruhmin* also involved a seaman's suit for personal injuries.

Plaintiff has forfeited his cause of action through failure to correctly assert it within the statutory time limit. Such unfortunate results will probably occur so long as there are statutes of limitations. However, statutes of limitations exist to protect other important interests which must also be accommodated.

It is therefore ordered that defendant's motion for summary judgment be, and the same is, hereby granted.