**Betty L. KINDREW, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 72–249–Civ–T–H.**

United States District Court,
M. D. Florida,
Tampa Division.

Dec. 14, 1972.

Michael C. Maher, Maher & Carter, Orlando, Fla., for plaintiff.

David V. Hutchinson, Trial Atty., Admiralty & Shipping Section, U. S. Department of Justice, Washington, D. C., John L. Briggs, U. S. Atty., Middle District of Florida, for defendant.

ORDER OF DISMISSAL

HODGES, District Judge.

Plaintiff was injured on February 9, 1970, while on a vessel owned by the United States. On February 4, 1971, Plaintiff filed an administrative claim with the United States Coast Guard. On March 26, 1971, the Coast Guard denied the claim. On May 3, 1972—over two years after the injury and over one year beyond the date on which Plaintiff's administrative claim was denied—the Plaintiff instituted suit in this Court.

The action was filed under the Public Vessels Act, 46 U.S.C. §§ 781–790.

The applicable period of limitations is two years after the cause of action arises. 46 U.S.C. § 782; 46 U.S.C. § 745. It is evident on the face of the complaint, therefore, that the Statute of Limitations has run; but, Plaintiff asserts that the Defendant is estopped to claim that defense because the Coast Guard reviewed her administrative claim and offered her a settlement. Plaintiff alleges that she relied upon the representations of the Coast Guard to her detriment, and as a result did not file suit prior to the expiration of the Statute of Limitations.

278

First, there is no requirement in the Public Vessels Act, 46 U.S.C. §§ 781–790, or the Suits in Admiralty Act, 46 U.S.C. §§ 741–752 that the filing of an administrative claim is a prerequisite to instituting suit. Plaintiff voluntarily sought to settle the issue by submitting a non-mandatory claim to the Coast Guard which advised her, upon denial of her claim, that she had a right to bring suit in Federal District Court. Ample time remained within the allowable period to begin this action after denial of the claim. Only under the most extraordinary circumstances where the suitor has been barred from access to the courts will the time limitations be tolled to allow suit under either the Public Vessels Act or the Suits in Admiralty Act. See M. Norris, Maritime Personal Injuries, § 124, p. 323 (2d Ed. 1966). The instant cause does not pose such an extraordinary circumstance so as to allow the statutory period to be extended. Statutes, such as the Suits in Admiralty Act and the Public Vessels Act, which waive immunity of the United States are to be construed strictly in favor of the sovereign. McMahon v. United States, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26 (1951). And when statutes of limitations are fixed by Congress they *may not be lengthened by estoppel* or waiver by agents of the United States. Kruhmin v. United States, 177 F.2d 906 (3rd Cir. 1949); Martin v. Grace Line, Inc., 322 F.Supp. 395 (E.D.Cal.1970).

The Plaintiff's own lack of diligence in purposefully pursuing the cause within the required statutory period results in a forfeiture of the cause of action. This plightful ending was precisely described in Martin v. Grace Line, Inc., *supra*:

"Such unfortunate results will probably occur so long as there are statutes of limitations. However, statutes of limitations exist to protect other important interests which must also be accommodated."

Lastly, Plaintiff alleges a cause of action under the Tucker Act, 28 U.S.C. § 1346(a). But, Plaintiff's claim is based upon a maritime tort; and the *exclusive remedy* when suit is of a maritime nature is under the Suits in Admiralty Act. Philadelphia Nat. Bank v. United States, 411 F.2d 747 (5th Cir. 1969).

Therefore, based on the foregoing, it is

Ordered and adjudged that Plaintiff's Amended Complaint is hereby dismissed with prejudice.