**William STEUDLER, by and through his guardian, Margaret Steudler, and Margaret Steudler, his wife, Plaintiffs,**

v.

**ALASKA STEAMSHIP COMPANY, a corporation, Defendant.**

No. 95-72C2.

United States District Court,
W. D. Washington,
Seattle Division.

June 28, 1973.

Roy E. Jackson, Jackson, Ulvestad & Goodwin, Seattle, Wash., for plaintiffs.

Stan Pitkin, U. S. Atty., Albert E. Stephan, First Asst. U. S. Atty., Seattle, Wash., William E. Gwatkin, III, Atty. in Charge, Admiralty and Shipping Section, Paul Gary Sterling, Atty., Admiralty and Shipping Section, U. S. Department of Justice, San Francisco, Cal., for defendant.

OPINION

BEEKS, Senior Judge.

The parties have stipulated that, solely for the purposes of this motion by defendant for summary judgment, the facts herein set forth are true. Plaintiff was a civil service employee of the United States aiding in the loading of ammunition on the steamship RIDER VICTORY, which was engaged in foreign commerce. Defendant, as a general agent for the United States, had full

control, responsibility and authority with respect to the manning, navigation, and management of the vessel. On January 27, 1968, while working aboard said vessel at the Naval Ammunition Depot, Bangor, Washington, plaintiff stepped on a hatch board which was a hazard and danger. Said hatch board gave way, causing him to plunge forty feet to the deck below. Plaintiff sustained serious injuries to the head, brain, chest, ribs, left hand and body, which injuries were proximately caused by defendant's negligence, carelessness, and failure to provide plaintiff with a safe place to work. Plaintiff filed for and received compensation for his injuries under the Federal Employees' Compensation Act (FECA).

Defendant claims that plaintiff's sole remedy is under the FECA, and that suit against the defendant is specifically barred by the Suits in Admiralty Act. The latter statute provides, in part:

> That *where a remedy is provided by this chapter* [the Suits in Admiralty Act] it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States or of any incorporated or unincorporated agency thereof whose act or omission gave rise to the claim . . . . (46 U.S.C.A. § 745, emphasis added.)

After a diligent search, counsel for neither side was able to cite a case directly in point. Plaintiff maintains that section 745 is not applicable because a remedy as against the United States is not provided by the Suits in Admiralty Act. That statute authorizes a libel in personam against the United States where, if the vessel were privately owned, a proceeding in admiralty could be maintained. 46 U.S.C.A. § 742 (1973 Supp.). Plaintiff, however, is barred from bringing such a suit against the United States because of his qualification for compensation under the FECA. 5 U.S.C.A. § 8116(c). The FECA does not specifically preclude suit against negligent third parties. Brady v. Roosevelt Steamship Co., 317 U.S. 575, 63 S.

Ct. 425, 87 L.Ed. 471 (1943); and Allman v. Hanley, 302 F.2d 559 (5th Cir. 1962). In other words, but for the FECA, plaintiff could sue the United States in admiralty under the Suits in Admiralty Act, in which case section 745 would bar suit against defendant. But since plaintiff's sole remedy is under the FECA, he argues that section 745 does not bar recovery from defendant since there is no "remedy . . . provided by this chapter. . . ."

Defendant replies that plaintiff's exclusive remedy is the FECA, and that suit against the agent of the United States is barred by section 745. 46 U. S.C.A. § 745; 5 U.S.C.A. § 8116(c); Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952); Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971, reh. den. 360 U.S. 914, 79 S.Ct. 1293, 3 L.Ed.2d 1263 (1959); Hanlon v. Waterman Steamship Corporation, 265 F.2d 206, 207 (2d Cir. 1959), cert. den. 361 U.S. 822, 80 S.Ct. 69, 4 L.Ed.2d 67; Williams v. United States, 133 F.Supp. 317 and 319 (E.D. Va.1955), aff'd 228 F.2d 129, 132–133 (4th Cir. 1955), cert. den. 351 U.S. 986, 76 S.Ct. 1054, 100 L.Ed. 1499; reh. den. 352 U.S. 860, 77 S.Ct. 26, 1 L.Ed.2d 71; Atlantic Coast Line R. Co. v. Agwilines, Inc., 195 F.2d 459, 461–462 (5th Cir. 1952); Green v. New York & Cuba Mail Steamship Company, 215 F.Supp. 554, 559 (S.D.N.Y.1962); and Richardson v. American President Lines, 144 F.Supp. 641, 643 (S.D.N.Y.1956). *Cf.* Cabales v. United States, 300 F.Supp. 1323, 1325 (S.D.N.Y.1968), aff'd 412 F.2d 1187 (2d Cir. 1969); Carter v. American Export Isbrandtsen Lines, Inc., 411 F.2d 1185 (2d Cir. 1969); and Martin v. Grace Line, Inc., 322 F.Supp. 395 (E.D. Cal.1970).

There are two cases which satisfactorily resolve a similar problem, Van Houten v. Ralls, 411 F.2d 940 (9th Cir. 1969), cert. den. 396 U.S. 962, 90 S.Ct. 436, 24 L.Ed.2d 426 (1969), reh. den. 397 U.S. 930, 90 S.Ct. 900, 25 L.Ed.2d 110 (1970); and Vantrease v. United States, 400 F.2d 853 (6th Cir. 1968).

Both cases involved suits against a fellow employee or his estate for his negligence; both involved the interrelationship between the Federal Drivers Act (28 U.S.C.A. § 2679) and the FECA.

In *Van Houten,* plaintiff sued a co-employee of the federal government after his lawsuit against the federal government under the Federal Tort Claims Act (28 U.S.C.A. § 1346(b)) (FTCA) was dismissed because plaintiff qualified for compensation under the FECA. Plaintiff argued that the Federal Drivers Act prohibited suit against federal drivers only when the United States was liable under the FTCA. Plaintiff noted that the Federal Drivers Act made the remedy against the United States provided by the FTCA exclusive of any other action against a negligent federal driver. 28 U.S.C.A. § 2679(b) (1973 Supp.). Therefore, plaintiff argued that since his remedy against the United States under the FTCA was barred, the Federal Drivers Act did not apply. The Court disagreed:

> The federal legislative objective in enacting the Federal Drivers Act while leaving the exclusivity provision of the FECA intact was apparently to protect federal drivers from personal liability by rendering the Government liable in tort, in the case of non-federal employee plaintiffs, and by rendering the Government liable only under the FECA in the case of federal employee plaintiffs.

411 F.2d at 943. *Vantrease* involved a suit by one postal employee against another, and was resolved in a similar manner. The legislative history of the Federal Drivers Act supports this result. In fact, Congress considered 46 U.S.C. § 745 to be a precedent for passage of the Federal Drivers Act. 1961 U.S.Code Congressional and Administrative News, pp. 2787, 2791.

The logical construction of section 745 is that, looking to the Suits in Admiralty Act alone, "a remedy is provided" plaintiff as against the United States. True, that remedy is barred by a provision of the FECA; but the general agent is not stripped of its protection from suit by the mere happenstance that the injured party was employed by the federal government. In summary, where plaintiff has a cause of action against the United States under the Suits in Admiralty Act, the general agent is protected by section 745. Where, as here, plaintiff's remedy under the Suits in Admiralty Act is barred by virtue of his qualification for compensation under the FECA, the general agent retains its protection, and is not thereby exposed to liability.

Defendant's motion for summary judgment is granted.