**Patrick C. LOVETRO, Plaintiff,**

v.

**UNITED STATES of America, Trinidad Corporation & Captain John Mangas, Defendants.**

**No. 83 Civ. 6206 (RLC).**

United States District Court, S.D. New York.

Dec. 12, 1984.

Phillips & Cappiello, P.C., Attorney for Plaintiff, New York City, for plaintiff; Edward M. Katz, New York City, of counsel.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Rudolph W. Giuliani, U.S. Atty. S.D. New York, Janis G. Schulmeisters, Attorney in Charge Torts Branch, Civil Division Attorneys for United States of America. U.S. Dept. of Justice, New York City, for defendants; Marie Louise Hagen, Washington, D.C., of counsel.

OPINION

ROBERT L. CARTER, District Judge.

On February 4, 1983, while serving as a crewman aboard the USNS Neches in Diego Garcia, plaintiff Patrick Lovetro was found to be unfit for duty because he lost his glasses. He was repatriated, and $1,100 was withheld from his wages.

The USNS Neches was a public vessel owned by the United States and operated under contract by defendant Trinidad Corporation. Defendant John Mangas was master of the ship. Plaintiff has sued the United States, Trinidad Corporation, and Mangas to recover the $1,100 which he claims was wrongfully withheld and to obtain pursuant to 46 U.S.C. § 596,[1] double wages for each day that amount was withheld.

Defendants claim that plaintiff was paid the $1,100 in November, 1983, but plaintiff has not acknowledged the payment and is, apparently, still seeking to recover that sum in addition to the double-wage penalty. (Plaintiff's Affidavit in Opposition to Defendants' Motion to Dismiss at 2). Plaintiff's claim against the United States was voluntarily withdrawn on December 7, 1983.

On February 23, 1984, the court denied defendants' motion for summary judgment

---

**1.** Section 596 was repealed on August 19, 1983, and the relevant provisions may now be found, in substance, at 46 U.S.C. §§ 10313(f)(g) and 10504(b)(c). Since the cause of action accrued before § 596 was repealed, § 596 still governs the case. 1 U.S.C. § 109; *United States Gypsum Co. v. Uhlhorn*, 232 F.Supp. 994 (E.D.Ark.1964), *aff'd*, 366 F.2d 211 (8th Cir.1966), *cert. denied*, 385 U.S. 1026, 87 S.Ct. 753, 17 L.Ed.2d 674 (1967).

pursuant to Rules 12(b)(2), 12(b)(6) and 56, F.R.Civ.P. Defendants now move to dismiss for lack of subject matter jurisdiction. Rule 12(b)(1), F.R.Civ.P.

■ Claims against the United States and its agents arising out of the operation of a public vessel are subject to the Suits in Admiralty Act, 46 U.S.C. §§ 741–752. Pursuant to that Act, § 742 to be precise, the United States waives its sovereign immunity. Section 745 states that the remedy under the Act shall be exclusive against the agent or employee of the United States.[2] Defendants argue that § 742's waiver of sovereign immunity provides a remedy against the United States, and that they, as agents of the United States, are therefore immune from suit under § 745. Consequently, they assert, the court does not have subject matter jurisdiction. *See United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit").

Plaintiff contends that the immunity granted to agents of the federal government by § 745 should not extend to actions such as this one under § 596. Such immunity, they argue, would frustrate the purpose of § 596 by enabling masters and other agents of the United States wrongfully to withhold seamen's earned wages with impunity.

*Cabales v. United States,* 300 F.Supp. 1323 (S.D.N.Y.1968) (Ryan, J.), *aff'd,* 412 F.2d 1187 (2d Cir.1969), is directly on point. In *Cabales,* the plaintiff, a seaman, sued the United States as shipowner and a private steamship company acting as agent of the United States in husbanding the ship, for wages withheld and for the double-wage penalty under § 596. This court held that § 745 confers immunity on agents of the United States, even in claims brought under § 596. That decision was affirmed

on appeal and remains the law of this circuit.

Plaintiff argues that defendant Trinidad Corporation should not be considered an agent of the United States under § 745, but rather owner *pro hac vice* of the USNS Neches, and, as such, liable under § 596 in its own right. Whether Trinidad Corporation was an agent or an owner *pro hac vice* is irrelevant under § 745, however, since "in the Congressional view the general statement of an agency concept as enacted included any instrumentality through and by which public vessels were operated." *Petition of the United States* (USNS *Mission San Francisco*), 367 F.2d 505, 510 (3d Cir.1966), *cert. denied,* 386 U.S. 932, 87 S.Ct. 953, 17 L.Ed.2d 805 (1967), *reh. denied,* 386 U.S. 1000, 87 S.Ct. 1303, 18 L.Ed.2d 354 (1967). "Whether the agreement constituted [defendant] a charterer, an owner *pro hac vice* or an independent contractor is merely an academic ascertainment. In any of these capacities [defendant] could still be an agent. An owner *pro hac vice* is a charterer, and its competency to act as an operating agent has been expressly recognized." *Smith v. United States,* 346 F.2d 449, 453 (4th Cir.), *cert. denied,* 382 U.S. 878, 86 S.Ct. 163, 15 L.Ed.2d 119 (1965). *See also Lopez v. Trinidad Corporation,* No. 82–1215, slip. op. (E.D. Pa. Aug. 25, 1982). Thus even if Trinidad Corporation were held to be an owner *pro hac vice,* it would be immune as an agent and the court would not have subject matter jurisdiction.

■ Trinidad Corporation and Mangas as agents of the United States are immune from suit for claims brought under § 596. Accordingly, defendants' motion to dismiss is granted.

IT IS SO ORDERED.

---

**2.** Section 745 provides:

    [W]here a remedy is provided by this chapter it shall hereafter be exclusive of any other action by reason of the same subject matter

against the agent or employee of the United States or of any incorporated or unincorporated agency thereof whose act or omission gave rise to the claim...