**Milton WHITE**

v.

**MARINE TRANSPORT LINES, INC., the United States of America.**

**Civ. A. No. B–88–00249–CA.**

United States District Court, E.D. Texas, Beaumont Division.

March 2, 1989.

Arthur L. Schechter, Schechter & Eisenman, Houston, Tex., for plaintiff.

David V. Hutchinson, Asst. Director, Admiralty, Torts Branch, Civil Div., Washington, D.C., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

On July 24, 1987, Milton White was hired by the Military Sealift Command, Atlantic as a civil service seaman, as shown by the exhibits attached to the government's motion for summary judgment. On August 8, 1987, White was assigned to the USNS WACCAMAW as a pumpman, and was so employed and serving on the date of his alleged accident. White was a seaman aboard the vessel USNS WACCAMAW when on September 21, 1987, he was allegedly injured as a result of an accident on the vessel. His employment was terminated on February 9, 1988.

Plaintiff has brought suit against Marine Transport Lines, Inc., and the United States of America under the *Jones Act*, 46 U.S.C.App. § 688, and the general maritime law. The United States has filed motion for summary judgment, asserting that White was a civilian employee of the government of the United States, and thus is not entitled to bring an action against the United States under the *Jones Act*, or the general maritime law, but his exclusive remedy is under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8102(a). That statute defines "an employee" as a "civil ... employee in any

branch of the government of the United States, including an ... employee of an instrumentality wholly owned by the United States," 5 U.S.C. § 8101(1)(A) [formerly 5 U.S.C. § 790(1)(A)].

In response to the motion for summary judgment, plaintiff filed an affidavit that he was hired by the Military Sealift Command, and assigned to the USNS WACCAMAW. He further stated that "at the time of my hire [sic] I was informed that this was a temporary position ... and that I was not entitled to any benefits that would normally accrue to a civil servant of the United States government. It was my understanding that I was not entitled to benefits under the Federal Employee's Compensation Act."

His affidavit further states that he has never received any benefits as a civil servant of the United States with regard to his injuries. He has not stated whether he has made application under the Federal Employees' Compensation Act or not.

■■■ Whether the plaintiff was told he was not entitled to FECA benefits is of no legal consequence, nor does it change his status as a civil employee of the United States government. As such, he is entitled to maintain and pursue his claim under the FECA, and is not entitled to maintain an action under the *Jones Act*, or the general maritime law.

The FECA also provides, in clear and unambiguous language, that the obligation of the United States to pay compensation is "exclusive and instead of all other liability of the United States or the instrumentality of the employee," 5 U.S.C. § 8116(c) [formerly 5 U.S.C. § 757(b)]. In *Johansen v. United States*, 343 U.S. 427, 428, 72 S.Ct. 849, 851, 96 L.Ed. 1051 (1952), a civil employee of the United States injured in the performance of his duty as a member of the crew of a public vessel sued the United States in admiralty alleging negligence and unseaworthiness, the Supreme Court held that the FECA benefits which the federal government is obligated to pay to its employees "are of such a nature as to preclude a suit for damages" against the United States for the same on-the-job-injuries. The Supreme Court has consistently adhered to this view and has expressly declined to overrule or to modify it. *United States v. Demko*, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966); *Patterson v. United States*, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959). *See also, Amell v. United States*, 384 U.S. 158, 160–61, 86 S.Ct. 1384, 1385–86, 16 L.Ed.2d 445 (1966); *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193–4, 103 S.Ct. 1033, 1036–7, 74 L.Ed.2d 911 (1983). Thus, it is well settled that a government employee may not sue the United States under the *Public Vessels Act*,[1] the *Suits in Admiralty Act*,[2] the *Federal Tort Claims Act*,[3] the *Jones Act*,[4] or the *"General Maritime Law."*[5] And this principle, which made an early appearance in the decisions of the Fifth Circuit, *see, Posey v. Tennessee Valley Authority*, 93 F.2d 726 (5th Cir.1937), has been uniformly applied to bar suit for on-the-job injuries sustained by a civilian employee of the Army, *see, e.g., Johansen v. United States*, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952) [assistant engineer on

1. 46 U.S.C.App. § 781, *et seq.; see, e.g., Johansen v. United States*, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952); *Aho v. United States*, 374 F.2d 885 (5th Cir., *cert. denied*, 389 U.S. 930, 88 S.Ct. 292, 19 L.Ed.2d 282 (1967); *Suhar v. United States*, 351 F.2d 952 (5th Cir.1965).

2. 46 U.S.C.App. § 741 *et seq., see, e.g., Patterson v. United States*, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959); *Jarvis v. United States*, 342 F.2d 799 (5th Cir.), *cert. denied* 382 U.S. 831, 86 S.Ct. 70, 15 L.Ed.2d 75 (1965).

3. 28 U.S.C. § 1346; *see, e.g., United States v. Demko*, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966); *United States v. Cole*, 376 F.2d 848 (5th Cir.1967); *cf. Lowe v. United States*, 292 F.2d 501 (5th Cir.1961).

4. 46 U.S.C.App. § 688, *see, e.g., Jarvis v. United States*, 342 F.2d 799 (5th Cir.), *cert. denied*, 382 U.S. 831, 86 S.Ct. 70, 15 L.Ed.2d 75 (1965).

5. *See, e.g., Jarvis v. United States*, 342 F.2d 799 (5th Cir.), *cert. denied*, 382 U.S. 831, 86 S.Ct. 70, 15 L.Ed.2d 75 (1965); *Arrufat v. Panama Canal Co.*, 199 F.Supp. 832 (S.D.N.Y.1961); *Swenarski v. United States*, 124 F.Supp. 200 (N.D.Cal.1954); *Mayo v. United States*, 139 F.Supp. 46 (N.D.Cal. 1956); *Hartzog v. United States*, 139 F.Supp. 47 (N.D.Cal.1956); *Amell v. United States*, 384 U.S. 158, 86 S.Ct. 1384, 16 L.Ed.2d 445 (1966).

Army tug]; *United States v. Firth*, 207 F.2d 665 (9th Cir.1953) ["work-a-way on Army transport"],[6] and, more particularly, by a civilian employee of the United States Corps of Engineers, *Rodriguez v. United States*, 204 F.2d 508 (3d Cir.1953).

The plaintiff, a civilian employee of the United States, may not maintain this suit to recover damages from the United States for his on-the-job injuries.

The remedy provided to White by FECA excludes all other remedies. Therefore, he cannot maintain his suit against the United States under the *Jones Act* or under the general maritime law. The motion for summary judgment filed by the United States is GRANTED.

---

6. A "work-a-way" is a stranded seaman who accepts employment on a vessel in return for his passage. By contrast, a stowaway is a person who secures passage by secreting himself aboard the vessel.