**Joseph RUSSELL, Plaintiff,**

v.

**AT & T TECHNOLOGIES, INC., Columbus–McKinnon Corporation, a foreign corporation, and Elkem–Holloway, Inc., a foreign corporation, Defendants.**

No. 88–259–Civ–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 7, 1990.

Roger Vaughan, Wagner, Cunningham, Vaughan & McLaughlin, P.A., Tampa, Fla., for Joseph Russell.

John N. Jenkins, Marlow, Shofi, Smith, Hennen, Smith & Jenkins, P.A., Tampa, Fla., for Elkem Holloway, Inc.

William F. McGowan, Jr., Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for AT & T Technologies, Inc.

David H. McClain, McClain & Associates, Tampa, Fla., for Columbus–McKinnon Corp.

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on the following:

Defendant AT & T's motion for summary judgment against plaintiff, Joseph Russell, as to Count I of plaintiff's third amended complaint. Motion for summary judgment filed February 27, 1990

Defendant AT & T's motion for summary judgment on Crossclaim of Columbus–McKinnon Corporation, filed February 27, 1990

Memorandum in opposition to AT & T's motion for summary judgment by Defendant, Columbus–McKinnon Corp., filed April 9, 1990

Plaintiff's response to AT & T's motion for summary judgment, filed April 13, 1990

Defendant AT & T's motion for leave to file reply memo, filed April 20, 1990.

### FACTS

In 1987, Plaintiff Joseph Russell (Plaintiff) was employed by Military Sealift Command (MSC) as a civilian crew member of the USNS Zeus. The Zeus was engaged in a government operation involving the placement of Sound Surveillance Systems cable lines off the coast of Florida. The MSC, a department of the Navy, provided operational control of the Zeus during the cable-laying operation. However, the Space and Naval Warfare Systems Command (SPAWAR) sponsored the cable-laying operation.

Under a contract with SPAWAR, Defendant AT & T Technologies, Inc. (AT & T) provided engineering support to the cable-laying operation. AT & T also assumed responsibility for ensuring that the cables

were accurately and properly laid at selected locations and was responsible for the method and design of laying cable at the time of the Plaintiff's injury on April 14, 1987.

Plaintiff was injured when a link connecting two lines parted under tension and struck him during the cable-laying operation. Plaintiff sues Defendants AT & T, Columbus McKinnon Corporation (Columbus) and Elkem–Holloway, Inc. (Elkem).

In Count I, Plaintiff alleges that AT & T was negligent in failing to exercise due care by using a defective link without proper testing, by permitting excessive tension on the line and by failing to provide Plaintiff with a safe workplace. Plaintiff also alleges that Columbus and Elkem were negligent in the design and/or manufacturing and/or testing of the link. In Count II, Plaintiff alleges that Columbus and Elkem are jointly and severally strictly liable for compensatory damages in excess of $1 million plus pre and post judgment interest and costs.

Defendant Columbus filed a crossclaim against AT & T for contribution. Columbus based its crossclaim on AT & T and Columbus's alleged joint and several liability to Plaintiff.

In its motion for summary judgment on Count I, AT & T contends that at the time of the accident it was acting as an agent of the United States government and therefore, it is entitled to immunity from suit under Section 5 of the Suits in Admiralty Act (SIAA) 46 U.S.C.App. 745. AT & T also alleges that it owed no duty of care to the Plaintiff. In its motion for summary judgment on Columbus' crossclaim, AT & T contends that it is immune from suit, and alternatively, that it is not liable to the Plaintiff and therefore, cannot be liable in contribution to Columbus.

In its memorandum in opposition to AT & T's motion for summary judgment on Count I, Plaintiff contends that AT & T is not entitled to immunity under Section 745 because the Plaintiff has no remedy under the SIAA and that AT & T does owe a duty of reasonable care towards the Plaintiff. Likewise, Columbus, in its Memorandum in opposition to AT & T's motion for Summary Judgment asserts that AT & T is not entitled to immunity because the Plaintiff has no remedy under the SIAA and that there are genuine issues of material fact regarding whether AT & T owed a duty to Plaintiff.

## STANDARD FOR SUMMARY JUDGMENT

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial.

*Id.* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore, requires that the moving party go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing there is a genuine issue for trial." *Celotex, supra,* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. The Court is satisfied that factual disputes remain which preclude summary judgment as to certain issues.

## I. AT & T's Motion for Summary Judgment Against Plaintiff as to Count I

*Immunity under Section 5 of the SIAA*

 Section 2 of the Suits in Admiralty Act (SIAA) provides a remedy against the United States for actions involving a public vessel. 46 U.S.C.App. § 742. However, actions arising under the SIAA are subject to the exclusivity provision of Section 5. This section provides in relevant part that,

> [w]here a remedy is provided by this chapter *it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States or of any incorporated or unincorporated agency thereof whose act or omission gave rise to the claim.*

46 U.S.C.App. § 745 (1988) (emphasis added).

The exclusivity provision precludes recovery against an agent of the United States for any wrongful act committed by that agent on a public vessel where a remedy is available against the United States under the SIAA. *Bowman v. Pan American World Services, Inc.*, 704 F.Supp. 695, 697 (E.D.La.1989); *Shields v. United States*, 662 F.Supp. 187, 190 (M.D.Fla. 1987). However, civilian employees of the government, such as the Plaintiff, have *no* remedy against the United States under the SIAA because they are covered by the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8102(a). While the FECA does not preclude suit against negligent third parties, *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193–4, 103 S.Ct. 1033, 1036, 74 L.Ed.2d 911 (1983), the Act bars suit against the United States because the United States' obligation to pay compensation is "exclusive and instead of all other liability...." 5 U.S.C. § 8116(c) [formerly 5 U.S.C. § 757(b)]. *White v. Marine Transport Lines, Inc.*, 711 F.Supp. 335 (E.D.Texas 1989). The Supreme Court has consistently adhered to this view. *Lockheed Aircraft Corp. v. United States*, 460 U.S. at 193–4, 103 S.Ct. at 1036; *United States v. Demko*, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966); *Johansen v. United States*, 343 U.S. 427, 428, 72 S.Ct. 849, 96 L.Ed. 1051 (1952).

The *White* court pointed out that a government employee may not sue the United States under the Public Vessels Act, the SIAA, the Federal Tort Claims Act, the Jones Act, or general maritime law. This principle, which was applied by the Fifth Circuit as early as 1937 in *Posey v. Tennessee Valley Authority*, 93 F.2d 726 (5th Cir.1937), has been applied to bar suit for on-the-job injuries sustained by a civilian employee of the Army. *Johansen v. United States, supra* (civilian employee, assistant engineer on Army tug, barred from suing United States under SIAA because exclusive remedy was FECA); *United States v. Firth*, 207 F.2d 665 (9th Cir.1953). *See also, Patterson v. United States*, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959) (civil service employee action against United States under the SIAA dismissed because exclusive remedy was FECA).

Although the court in *Steudler v. Alaska Steamship Co.*, 361 F.Supp. 1149 (W.D. Wash.1973) held that Section 745 barred a plaintiff's action against the federal government's general agent, this view has not been followed. The *Steudler* court looked at the SIAA alone, rather than in conjunction with the FECA, in holding that the government's agent was immune from liability. This view is inconsistent with the intent of the exclusivity provision which is to protect the rights of seamen and not to limit them. 1950 U.S.Code Cong.Service, p. 4209–10. *See Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692 (1949) (agent liable for negligence of employees although not negligent for civil-service master and crews with whom United States manned the vessels).

Defendant AT & T's assertion that it is immune from suit because it is entitled to the exclusivity remedy provisions of the SIAA, 46 U.S.C.App. Section 745, is not persuasive. AT & T would only be entitled to the exclusive remedy provision of the SIAA if the Plaintiff had a third party tort remedy against the United States. Because the Plaintiff was a civil service sea-

man employed by MSC and was working in that capacity aboard the USNS Zeus on the date of the incident, Plaintiff has no third party tort remedy against the United States. His sole remedy is under the Federal Employees' Compensation Act. Therefore, AT & T is not entitled to the protection of the exclusivity provision of the SIAA and is not immune from suit. The court denies summary judgement to AT & T on this issue.

### AT & T's Duty of Care to Plaintiff

 General principles of negligence are utilized to analyze a maritime tort case. *Daigle v. Point Landing, Inc.*, 616 F.2d 825 (5th Cir.1980). The standard of care is a duty of ordinary care. *Id.*

Genuine issues of material fact exist regarding AT & T's duty to Plaintiff during the cable laying operations aboard the Zeus. AT & T admits that it was responsible for the method and design of laying the cable at the time of Plaintiff's injury. From the record, it appears that the Plaintiff was required to follow AT & T's orders in laying the cable. Deposition statements indicate that AT & T took over operational control of the ship during cable laying operations and instructed the ship's crew as well as actually supervising the details of the cable laying operation.

There is contradictory testimony in the Plaintiff's depositions and in the affidavits filed by AT & T concerning AT & T's duty of care owed to the Plaintiff. Viewing all inferences drawn from the underlying facts in a light most favorable to the Plaintiff, there is a jury question as to the duty owed by AT & T and whether AT & T breached that duty at the time of the injury. The court denies summary judgment to AT & T on this issue.

II. AT & T's Motion for Summary Judgment on Columbus' Crossclaim for Contribution

AT & T's motion for summary judgment against Columbus was founded on its assertions that it was immune from suit under section 5 of the SIAA and that it owed Plaintiff no duty of care, even if it were

susceptible to suit. This court stated above that AT & T is not immune from suit and that there are genuine issues of material fact as to the duty AT & T owed to Plaintiff during the cable laying operations. Therefore, the court denies summary judgment to AT & T on both issues asserted. Accordingly it is

ORDERED that Defendant AT & T's motion for summary judgment against Plaintiff, Joseph Russell, as to Count I of plaintiff's third amended complaint is denied; it is further

ORDERED that Defendant AT & T's motion for summary judgment on the Crossclaim of Columbus–McKinnon Corporation is denied. It is further

ORDERED that Defendant AT & T's motion for leave to file a reply memo is denied.

DONE AND ORDERED.