**Margie ARMSTRONG, Plaintiff,**

v.

**A.C. & S., INC., et al., Defendants.**

**No. C81–179M.**

United States District Court,
W.D. Washington,
Seattle Division.

Aug. 15, 1986.

Truman Castle, Seattle, Wash., for plaintiff.

Paul Gibbs, Seattle, Wash., Patrick Sheldon, Michael D. McKay, James A. Murphy, Charles V. Moren, Christopher Pickrell and Joann Bordeaux, Washington, D.C., for defendants.

## ORDER DISMISSING EIGHTH AND NINTH CLAIMS AND STAYING SEVENTH CLAIM

McGOVERN, Chief Judge.

### INTRODUCTION

In *Margie Armstrong v. A.C. & S., et al.,* No. C81–179M; *Ludwig Heinz v. A.C. & S., et al.,* No. C84–164M; and *Douglas Attridge v. A.C. & S., et al.,* No. C84–162M, each Plaintiff alleges injury from exposure to asbestos-containing products during their employment at Puget Sound Naval Shipyard (PSNS). The present motions to dismiss in each case relate to the third-party claims of Eagle-Picher Industries (third-party plaintiff) against the United States (third-party defendant) for indemnity or contribution.

Eagle-Picher's Claims One through Six have already been dismissed based on *Lopez v. A.C. & S., Inc., et al.,* 649 F.Supp. 149, No. C84–155M (W.D.Wash. May 19, 1986) where the third-party claims therein were dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief could be granted, and a Rule 54(b) judgment was entered.

The United States now moves to stay Eagle-Picher's Seventh Claim and to dismiss Eagle-Picher's Eighth and Ninth Claims pursuant to Fed.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction).

The Seventh Claim alleges that after each of the plaintiffs left Eagle-Picher's employment, by retirement or otherwise, the United States learned of the dangers of exposure to asbestos-containing insulation products but failed to warn plaintiffs of those dangers once they became aware of them. Because the Ninth Circuit is considering a nearly identical post-service duty to warn issue in *In re Consolidated United States Atmospheric Testing Litigation,* No. 85–2842 (9th Cir.) and *Broudy v. United States,* No. 86–5553 (9th Cir.) (consolidated for purposes of appeal), the United States moves to stay proceedings on the Seventh Claim pending the resolution of these appeals. Since Eagle-Picher does not object to the Government's request for stay, this motion is granted.

The Eighth and Ninth Claims contain allegations that the Government knew that its acts or omissions would cause harm. Specifically, the Eighth claim asserts that the United States' knowledge or knowledge that it should have had renders its acts wanton, willful, and reckless. The Ninth Claim asserts that as Government officials and employees had actual knowledge that their acts and omissions would result in serious bodily harm to plaintiff, their actions were intentional.

### THE PARTIES' CONTENTIONS

In bringing its motion, the Government argues that the intentional torts alleged in the Eighth and Ninth Claims must be dismissed for two reasons. First, jurisdiction is in the federal courts for tort actions against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The limited waiver of immunity in the Federal Tort Claims Act (FICA) provides that "[T]he United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The tortious conduct having occurred in Washington State, its law applies. Therefore, as analyzed in *Lopez,* the United States is in the same position as a Washington employer covered by the Washington Industrial Insurance Act (WIIA). That is, both have the benefit of the Act's exclusive remedy provision, RCW 54.04.-010, which abolishes all employees' actions against employers for work place injuries.

Second, contribution and indemnity are not available to Eagle-Picher under Washington law. The argument proceeds as in

*Lopez.* Indemnity has been abolished. RCW 4.22.040(3). No independent duty to indemnify is present absent a written agreement between Eagle-Picher and the United States or some other clear indication the parties intended to provide for indemnification. *Glass v. Stahl,* 97 Wash.2d 880, 885–86, 652 P.2d 948, 951 (1982). As to contribution, such is available only against joint tortfeasors. RCW 4.22.040(1). Because the Federal Employees Compensation Act (FECA) (analogous to the WIIA in this respect) precludes the United States from having tort liability, including liability for intentional torts, *Yam v. United States,* No. 82–4525 (9th Cir. May 11, 1983) [709 F.2d 1520 (table)], it cannot be a joint tortfeasor. Not being a joint tortfeasor, contribution is not available from the Government.

Eagle-Picher argues that the Government has ignored an exception in the WIIA for actions against employers for intentional torts for excess damages over the amount receivable under the Act. RCW 51.24.020.

Eagle-Picher also argues that noncontractual indemnity should be available to it, but concedes that these arguments were rejected in *Lopez.*

The Government replies that RCW 51.24.020 requires "deliberate intention," that is, a specific intent to produce the injury, rather than constructive mental intent, gross carelessness or even a knowing refusal to comply with safety laws when not accompanied by the required intent. *Winterroth v. Meats, Inc.,* 10 Wash.App. 7, 516 P.2d 522 (1973). The Government also cites *Higley v. Weyerhaeuser Co.,* 13 Wash.App. 269, 534 P.2d 596 (1975) (no specific intent was alleged by plaintiff's claim—nor could be proven by further discovery—that the employer took inadequate precautions to protect him from injury and, in doing so, acted with knowledge that its actions were substantially certain to produce injury). Furthermore, continues the Government's argument, the allegation of "wanton and willful" conduct in Eagle-Picher's Eighth Claim does not meet the standard of specific intent. *See* W. Prosser & W. Keeton, *The Law of Torts,* § 8 p. 3 (5th ed. 1984). In summary, Eagle-Picher's claims do not allege specific facts amounting to "deliberate intent" by the Government.

Finally, the Government argues that even if a private employer were liable under RCW 51.24.020, Eagle-Picher cannot state a claim for contribution or indemnity under Washington law because the United States is not a joint tortfeasor by virtue of the FECA. FECA immunity extends to intentional torts. *Yam v. United States,* No. 82–4525 (9th Cir. May 11, 1983) [709 F.2d 1520 (table)].

## ANALYSIS

■ The issue presented by these arguments is whether the United States may be held liable, in a third-party action for contribution, for alleged intentional torts against an employee covered by the FECA. In addressing this issue, only the case for contribution will be considered, the Court agreeing with the Government's argument regarding indemnity.

Under the FICA, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

The statute conferring jurisdiction upon the Federal Courts provides that the law of the place where the act or omission occurred shall be used in determining the liability of the United States. There is no dispute that Washington law applies.

In considering the "circumstances" of the United States, it is important to include the FECA. That statute provides that in return for paying benefits to injured Government employees regardless of fault, the Government is immunized from further tort liability. 5 U.S.C. § 8116(c). The provisions of the FECA are eminently significant to the issue of the Government's liability and as such are a material fact of the Government's circumstances. The FECA cannot be ignored.

The WIIA contains an exclusive remedy provision, similar to that of the FECA, that immunizes private employers from tort liability when they pay compensation to injured employees regardless of fault. There is an additional provision, which will be discussed in a moment, but as to the immunization provision, a private employer is "under like circumstances" to the United States as employer, the FECA and WIIA being alike in these respects.

The WIIA has an additional provision, however. It provides for an action against the employer for intentional injury and allows the employee to keep "any excess of damages over the amount received or receivable under this title." RCW 51.24.020.

 The FECA has no such provision. A private employer in Washington, then, is in circumstances remarkably dissimilar to that of the United States in the face of an allegation of an intentional tort. The intentional torts provision of the WIIA does not apply, therefore, as it does not comport with the circumstances of the United States with respect to tort liability.

The intentional torts provision of the WIIA not applying in this case, the concise order of the Ninth Circuit in *Yam v. United States,* No. 82–4525 (9th Cir. May 11, 1983) [709 F.2d 1520 (table)], is on point. There, Appellant Yam, similarly to the plaintiffs in the three cases before this court, alleged that he contracted asbestosis while working for the appellee and that the United States fraudulently concealed the nature and cause of the disease. The district court dismissed the action on the ground that it lacked subject matter jurisdiction. The Ninth Circuit affirmed:

> The FECA provides the exclusive remedy available to a federal employee "for the disability or death . . . resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a); *see id.* § 8116(c). Appellant's argument that we should follow *Johns-Manville Products Corp. v. Superior Court,* 27 Cal.3d 465, 612 P.2d 948, 165 Cal.Rptr. 858 (1980), is rejected. This is

an argument which should be addressed to Congress and not to the courts.

*Id.,* slip op. at 2. Because the intentional torts provision of the WIIA does not apply to the Government's circumstances, and because the Government is precluded from having tort liability by the FECA, the Government is not a joint tortfeasor. Not being a joint tortfeasor, and since contribution is available only against joint tortfeasors, RCW 4.22.040(1), contribution is not available from the Government.

Accordingly, the Government's Motion to Dismiss Eagle-Picher's Eighth and Ninth Claims for lack of subject matter jurisdiction is GRANTED, and Claim Seven is STAYED.