942 F.2d 790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas ATTRIDGE, Margaret Attridge, husband and wife,
Ludwig Heinz, Margie Armstrong, Plaintiffs,
v.
JOHNS MANVILLE, et al, Defendant,
v.
EAGLE-PICHER INDUSTRIES, INC., Defendant/Third-Party
Plaintiff/Appellant,
v.
UNITED STATES of America, Third-Party Defendant/Appellee.
 Nos. 89-35823, 89-35824 and 89-35826.
 United States Court of Appeals, Ninth Circuit.
 Argued July 11, 1991.
Submission Deferred July 20, 1991.
Resubmitted Aug. 22, 1991.
Decided Aug. 30, 1991.
 
 Before HUG, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Eagle-Picher Industries ("EPI"), manufacturers of asbestos-containing products, appeals the district court's dismissal of its claims against the Government for third-party contribution under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. Former employees at the Puget Sound Naval Shipyard ("PSNS") brought personal injury claims against EPI based on asbestos exposure during the repair of naval vessels at PSNS. EPI contends that the district court erred when it determined the Government was immune from third-party contribution for intentional torts and that EPI's claim for post-employment failure to warn was barred by the Federal Employee Compensation Act ("FECA"), 5 U.S.C. § 8116(c).
 
 
 3
 The district court dismissed EPI's intentional tort claims when it concluded EPI could not maintain a third-party action against the United States for indemnity or contribution because the Government enjoys immunity from suit by its own employees under FECA, 5 U.S.C. § 8116(c), that extends to intentional torts. Armstrong v. A.C. & S., Inc., 649 F.Supp. 161, 164 (W.D.Wash.1986). Thus, contribution was not available from the Government because it was not a joint tortfeasor. See id.; Wash.Rev.Code § 4.22.040(1).
 
 
 4
 Subsequently, the district court also dismissed EPI's post-employment failure-to-warn claim when it concluded that it was not a separate tort from breathing of asbestos fibers during employment, which tort falls within the exclusive province of FECA. Armstrong v. A.C. & S., Inc., 650 F.Supp. 69, 72-73 (W.D.Wash.1986). Once again, the district court found the Government was precluded under FECA from being a joint tortfeasor and EPI's claim for contribution based on a separate post-employment tort was dismissed. See id.; Wash.Rev.Code § 4.22.040(1). EPI filed a timely appeal from these dismissals.
 
 
 5
 We review de novo the district court's legal conclusions regarding the United States' amenability to a third-party suit under the FTCA. LaBarge v. County of Mariposa, 798 F.2d 364, 366 (9th Cir.1986), cert. denied, 481 U.S. 1014 (1987). Because we agree with the district court that FECA immunity extends to intentional torts and that the alleged failure to warn did not establish a separate cause of action, we affirm the district court's dismissal of EPI's claims.
 
 I.
 Intentional Torts
 
 6
 EPI seeks contribution under the FTCA, 28 U.S.C. §§ 1346(b) and 2674, for the Government's alleged intentional torts, which purportedly led to the injuries suffered by former PSNS employees. The FTCA gives district courts jurisdiction over tort claims against the United States. 28 U.S.C. § 1346(b). Section 1346(b) provides, in pertinent part, that "the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). In exercising that jurisdiction, the district courts are to apply the principle that "[t]he United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674.
 
 
 7
 Initially, EPI contends that the exclusive liability provision of FECA, 5 U.S.C. § 8116(c), which precludes tort suits against the federal government for work-related injuries, should not be considered in determining "like circumstances." Section 8116(c) provides in pertinent part:
 
 
 8
 The liability of the United States ... under this subchapter ... with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee ... in a direct judicial proceeding, ... or by administrative or judicial proceeding under a workmen's compensation statute or Federal tort liability statute.
 
 
 9
 5 U.S.C. § 8116(c). Alternatively, EPI argues that even if FECA applies, it is still permitted to maintain this suit pursuant to an intentional tort theory because FECA has an implicit intentional tort exception.
 
 
 10
 EPI's contention that section 8116(c) should not be considered in determining "like circumstances" has already been squarely decided by this circuit in Bush v. Eagle-Picher Indus., Inc., 927 F.2d 445 (9th Cir.1991). In determining whether the Government's immunity from suit created by FECA must be taken into account for determining "like circumstances," this circuit concluded unequivocally that "[t]he immunity from suit created by the FECA is, without a doubt, a highly relevant circumstance that must be taken into account; in fact, it may be the single most important circumstance in this case." Bush, 927 F.2d at 451 (citations omitted) (emphasis added). The Bush court stated that "the most reasonable analogy is [ ] to a ... private shipyard subject to a typical state workers' compensation scheme, analogous to the FECA, that bars all tort suits and contains no loopholes." Id. at 452. Thus, the Government must be afforded FECA-type immunity even though the analogy for purposes of the FTCA is to a "private individual." Accordingly, the United States must be viewed as a private shipyard owner in Washington, with the unique quality of immunity from direct suit by its employees to recover damages for injuries sustained.
 
 
 11
 Normally, the Government's liability under the FTCA must be determined in accordance with the law of the state where the act or omission occurred. 28 U.S.C. § 1346(b). In Washington, the workers' compensation law is governed by the Washington Industrial Insurance Act ("WIIA"). Although the WIIA contains exclusive remedy provisions, similar to that of the FECA, see Wash.Rev.Code §§ 51.04.010 and 51.32.010, it provides for an action against an employer for intentional injury. See Wash.Rev.Code §§ 51.24.020. As discussed, however, for purposes of determining the Government's liability, we must do so in light of the application of FECA's exclusive remedy provision. Accepting this characterization of the Government's immunity and relying on the intentional tort exception in Washington, EPI, nevertheless, asserts that the exclusive liability provision of FECA contains an implicit waiver of immunity for intentional torts. EPI cites no cases that hold FECA immunity does not extend to intentional torts and we do not agree that it does.
 
 
 12
 The clear language of section 8116(c) provides that: "[t]he liability of the United States ... with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States." 5 U.S.C. § 8116(c) (emphasis added). This language is plain and unambiguous. Moreover, support for the principle that the remedy provided by FECA is intended to be exclusive can be found in the legislative history. See Posegate v. United States, 288 F.2d 11, 14 (9th Cir.) (citing legislative history from both the House Committee Report and the Senate Report), cert. denied, 368 U.S. 832 (1961). We conclude the FECA provisions extend to cover liability created by intentional acts on the part of the Government which result in a disability to the employee from an injury sustained by the employee while at work. See 5 U.S.C. §§ 8102(a) and 8116(c); see, e.g., Posegate, 288 F.2d at 14; accord Heilman v. United States, 731 F.2d 1104, 1111 n. 6 (3d Cir.1984) ("Analogy to conventional worker's compensation statutes is [ ] misplaced, since private employers do not enjoy sovereign immunity and thus cannot protect themselves from legal action should an employee have a claim against them. If FECA is applicable ... it would not matter whether the cause of the injury was an intentional or negligent act."); Metz v. United States, 723 F.Supp. 1133, 1137 (D.Md.1989); Burke v. United States, 644 F.Supp. 566, 569 (E.D.La.1986) ("[T]he fact that an injury was intentionally caused does not preclude it from being suffered while in the performance of duty.") Consequently, we conclude that FECA provides the exclusive remedy available to the plaintiffs for the injuries sustained during their employment.
 
 
 13
 Although FECA does not directly bar a third-party suit, under Washington law, the right of contribution exists only between those "who are jointly and severally liable upon the same indivisible claim for the same injury, death or harm." See Wash.Rev.Code § 4.22.040(1). Because the United States is precluded by FECA from having tort liability, it cannot be a joint tortfeasor. Thus, under Washington law, the Government cannot be liable for third-party tort contribution. Accord Bush, 927 F.2d at 448 ("Hawaii law ... bars third-party actions against parties that are not directly liable.") Accordingly, the district court properly dismissed EPI's claim against the Government for third-party contribution based on its allegations of intentional tort.
 
 II.
 Post-Employment Duty to Warn
 
 14
 EPI also contends that the Government failed to warn its former employees of the hazards of asbestos after termination of employment. Supposedly, this resulted in aggravation of the employee's initial injuries because the employees failed to receive treatment and medical care they could have otherwise obtained. EPI claims that post-employment failure to warn constituted a separate tort occurring after employment terminated, thereby rendering FECA inapplicable to this claim. See 5 U.S.C. § 8102(a) (FECA applies to cover disability "from personal injury sustained while in the performance of [ ] duty").
 
 
 15
 The district court concluded that, because there was no independent, post-employment tort, the Government's liability for this claim was provided for by FECA and, therefore, dismissed this claim for contribution because Washington law precluded the Government from being a joint tortfeasor. See Armstrong, 650 F.Supp. at 72-73; Wash.Rev.Code § 4.22.040(1). We find the district court's analysis of this issue to be persuasive. See Armstrong, 650 F.Supp. at 71-73. Thus, we affirm the district court's dismissal of EPI's claim for contribution based on a post-employment duty-to-warn theory for the reasons set forth in the thorough and well-reasoned opinion in Armstrong, 650 F.Supp. at 72-73.
 
 
 16
 Accordingly, the judgment of the district court dismissing EPI's claims for failure to state a cause of action is affirmed.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3