**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. LYDIA HERNANDEZ; EUTIMIO HERNANDEZ, | No. 14-56309 |
| Plaintiffs-Appellants, | D.C. No. 2:14-cv-04432-R-SH |
| v. | MEMORANDUM* |
| FEDERAL HOME LOAN MORTGAGE CORPORATION; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted August 16, 2016**

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

J. Lydia and Eutimio Hernandez appeal pro se from the district court's

judgment dismissing their action alleging federal and state law claims arising from

foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo.  *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 n.2 (9th Cir. 2004) (denial of motion to remand); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal on the basis of claim preclusion).  We affirm.

Denial of the motion to remand was proper because the Federal Home Loan Mortgage Corporation ("FHLMC") was a party and appellants brought a claim alleging a violation of the Real Estate Settlement Practices Act.  *See* 12 U.S.C. § 1452(f) (before trial, the FHLMC may remove any civil action to which it is a party); 28 U.S.C. § 1331 (district courts have original jurisdiction of all civil actions arising under the laws of the United States); 28 U.S.C. § 1441(a) (a defendant may remove a civil action when district courts have original jurisdiction); *see also Van Houton v. Ralls*, 411 F.2d 940, 942 (9th Cir. 1969) (district court implicitly denied motion to remand when it granted motion to dismiss).  Appellants have waived their procedural objections to removal by failing to raise them to the district court in a timely manner.  *See* 28 U.S.C. § 1447(c).

The district court properly dismissed appellants' action as barred by the doctrine of claim preclusion because appellants raised, or could have raised, their claims in the January 30, 2014 adversary complaint they brought against appellees in bankruptcy court, which resulted in a final adjudication on the merits.  *See*

*Stewart*, 297 F.3d at 956 (stating the requirements for application of claim preclusion, which bars litigation in a subsequent action of any claims that were raised or could have been raised in a prior action); *see also* Fed. R. Bankr. P. 7041 (Fed. R. Civ. P. 41(b) applies in adversary proceedings); Fed. R. Civ. P. 41(b) (an involuntary dismissal is an adjudication on the merits unless the dismissal states otherwise).

The district court did not abuse its discretion by dismissing without leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile"); *see also Hinton v. Pac. Enters.*, 5 F.3d 391, 397 (9th Cir. 1993) (a court may refuse to grant leave to amend when, even if amendments were allowed, the complaint would be subject to dismissal).

The district court did not abuse its discretion by imposing a pre-filing restriction against appellants after giving them notice and an opportunity to be heard, developing an adequate record for review, making findings regarding their frivolous litigation history, and tailoring the restriction narrowly. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-61 (9th Cir. 2007) (setting forth standard of review and discussing factors to consider before imposing pre-filing

14-56309

restrictions).

We reject as without merit appellants' contention that the district court violated Local Rule 7-3 and caused them prejudice.

**AFFIRMED.**